**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Sylvester Anthony STEWART,
Defendant–Appellant.**

**No. 94–5750.**

United States Court of Appeals,
Fourth Circuit.

Argued June 9, 1995.

Decided July 25, 1995.

---

**ARGUED:** Shirley Marie Watts, Supervisory Asst. Federal Defender, Baltimore, MD, for appellant. Andrew George Warrens Norman, Asst. U.S. Atty., Baltimore, MD, for appellee. **ON BRIEF:** James K. Bredar, Federal Public Defender, Baltimore, MD, for appellant. Lynne A. Battaglia, U.S. Atty., Baltimore, MD, for appellee.

Before WILKINSON, NIEMEYER, and HAMILTON, Circuit Judges.

Affirmed by published opinion. Judge WILKINSON wrote the opinion, in which Judge NIEMEYER and Judge HAMILTON joined.

## OPINION

WILKINSON, Circuit Judge:

Sylvester Stewart was sentenced to 228 months imprisonment for interstate kidnapping in violation of 18 U.S.C. § 1201(a). The district court imposed that sentence to run consecutively to a state prison term that Stewart was then serving for two prior rape convictions. Stewart now argues that because the district court declined to apply the precise methodology set forth in the commentary of § 5G1.3(c) of the Sentencing Guidelines, which governs undischarged terms of imprisonment, his sentence must be vacated. We disagree and thus affirm.

## I.

On August 10, 1993, in Baltimore, Maryland, Stewart accosted a woman sitting in her parked car. At knifepoint, he ordered her to move to the passenger seat. He drove to the automated teller at the bank where the woman had an account and forced her to withdraw funds. Stewart departed the bank, with the woman as his passenger, and headed north toward the Maryland–Pennsylvania border. Upon arriving in Pennsylvania, Stewart raped the woman. He ordered her back into the car, returned to Baltimore, directed her to make another cash withdrawal, and finally left her on a street corner. The victim promptly reported the incident and, two days later, the local police apprehended Stewart.

Upon arrest, Stewart confessed that he had previously raped two other women at knifepoint. On April 21, 1994, Stewart pled guilty in state court to two counts of first degree rape. He was sentenced to two concurrent terms of 22 years imprisonment.

In connection with the instant crime, a federal grand jury subsequently indicted Stewart for kidnapping under 18 U.S.C. § 1201(a) and racketeering under 18 U.S.C. § 1951. He entered into an agreement in which he pled guilty to the kidnapping charge.

On September 30, 1994, Stewart appeared for sentencing. The federal probation officer submitted a report recommending an upward departure in Stewart's criminal history category and a 24–year sentence concurrent with the state prison terms. The government, on the other hand, asked for a consecutive sentence within the appropriate Guidelines range. Defense counsel requested a 17–year concurrent sentence, and also agreed with a section of the presentence report that estimated that Stewart would probably serve about half of his 22–year state sentence, or 11 years.

The district court ruled that there would be no upward departure with respect to criminal history and that the proper sentenc-

ing range under the Guidelines was therefore 210 to 262 months. The district court then addressed the question whether the sentence should be concurrent or consecutive to the undischarged state sentences, citing § 5G1.3(c) of the Guidelines. The district court imposed a consecutive sentence of 228 months. Stewart now appeals.

## II.

Section 5G1.3(c) of the United States Sentencing Guidelines addresses situations like the instant one, in which the federal defendant to be sentenced is subject to an undischarged term of imprisonment. It reads as follows: "(Policy statement) ... [T]he sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a *reasonable incremental punishment* for the instant offense." U.S.S.G. § 5G1.3(c) (emphasis added). Application Note 3 of the commentary further defines "reasonable incremental punishment":

> To the extent practicable, the court should consider a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all the offenses been federal offenses for which sentences were being imposed for the first time.

## A.

Appellant first claims that the district court erred in choosing not to follow the multiple-counts approach to reasonable incremental punishment set forth in Note 3. Appellant argues that in doing so, the district court flouted the binding nature of the commentary. *See Stinson v. United States*, —— U.S. ——, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993) (holding that commentary is binding so long as it does not contradict the Guidelines, violate the Constitution, or violate a federal statute).

■ Appellant's characterization of the events at sentencing is inaccurate, however.

The district court did not arbitrarily declare itself free from the constraints of the Guidelines. It only recognized in reasoned terms what is plain from the face of § 5G1.3(c) and from our case law: that district courts enjoy a measure of discretion in fashioning a "reasonable incremental punishment" for the federal offense. *United States v. Wiley–Dunaway*, 40 F.3d 67, 69–71 (4th Cir.1994).

The commentary to § 5G1.3(c) does not compel district courts, in adjudicating reasonable incremental punishments, to calculate in every case the total punishment that would ensue if the offenses at issue were sentenced contemporaneously. *United States v. Coleman*, 15 F.3d 610, 613 (6th Cir.1994). Note 3 expressly states, "It is not intended that the above methodology be applied in a manner that unduly complicates or prolongs the sentencing process.... Rather, this methodology is meant to assist the court in determining the appropriate sentence." Thus, § 5G1.3(c) "is intended to give sentencing courts leeway in deciding what method to use to determine what a reasonable incremental penalty is in a given case." *United States v. Redman*, 35 F.3d 437, 440 (9th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 922, 130 L.Ed.2d 802 (1995).

■ Of course, a district court may turn to a reasonable alternative method of calculating an incremental sentence only after concluding that determining the combined guideline range would be impractical due to a lack of information, or would unduly prolong the sentencing process. *See Wiley–Dunaway*, 40 F.3d at 71–72. In other words, the sentencing court should not deviate from the procedures of § 5G1.3(c) absent a reason, sufficiently articulated in the record, for doing so. *See United States v. Hill*, 59 F.3d 500 (4th Cir.1995).

■ This case is not one in which the sentencing judge failed to acknowledge § 5G1.3(c). *Cf. Wiley–Dunaway* at 72 (remanding so that district court could " 'consider' " § 5G1.3(c) in the first instance, but noting that court "retains the right to depart from" Note 3's methodology); *Coleman*, 15 F.3d at 613 (remanding because "judge did not expressly turn his attention to § 5G1.3(c)"). To the contrary, the district

court discussed that section and the relevant case law with counsel at great length.

Nor did the court fail to articulate its reason for departing from § 5G1.3(c). Following the colloquy on § 5G1.3(c), the district court concluded that the formula set forth in Note 3—which effectively requires a separate, hypothetical sentencing proceeding for the combined offenses under § 5G1.2—was unduly complicated in this case. The district court chose instead to resort to a simpler method: it approached the matter by first considering the amount of time that Stewart would likely serve for his state offenses (11 years, or 132 months), and adding to that what it thought an appropriate punishment for the federal offense within the prescribed range (228 months). This was a reasonable alternate method of determining the incremental punishment for the instant offense, and one that thus fell within the bounds of the district court's discretion. *See Redman*, 35 F.3d at 442 (holding that sentencing court "did need to consider the methodology [of Note 3] and it did need to give its reasons for using an alternative method. [But] [w]hen it did those things it did enough.").

The sentence that appellant ultimately received was well within the Guidelines range for the hypothetical sentence on the combined offenses. It is not disputed that the range for those offenses, if considered simultaneously under § 5G1.2, would be 292 to 365 months. As matters now stand, it is anticipated that appellant will serve approximately 132 months of his state sentence. He must then serve a consecutive 228-month federal sentence. This represents a total of 360 months imprisonment, which is five months shy of the amount that could have been imposed under the multiple-counts methodology. The district judge thus achieved the very result contemplated by Note 3, *i.e.*, a sentence that approximates the total punishment that would have been imposed in combined sentencing. *See Coleman*, 15 F.3d at 613 (recognizing that a "simpler method of achieving a result which is the practical equivalent of the more complex computations" is permissible under § 5G1.3(c)).

### B.

Appellant next challenges the actual sentence that he received. He complains that his sentence should have been concurrent, not consecutive, due to the alleged fact that in Maryland parole may be delayed when a state prisoner is sentenced to a consecutive federal term of imprisonment. Because the length of his actual service on the state terms will increase due to the consecutive federal sentence, appellant argues, that sentence cannot constitute a reasonable incremental punishment.

As an initial matter, we note that in light of appellant's previous argument in which he insists on strict adherence to the recommendations of § 5G1.3(c), *supra*, this second claim is odd indeed. For according to § 5G1.3(c), sentences for the instant federal offense "shall be imposed to run consecutively to the prior undischarged term of imprisonment"—not concurrently, as appellant contends that his should.

Notwithstanding appellant's assertion regarding the practices of the Maryland parole board, we find that the 228–month consecutive sentence is a reasonable incremental penalty in this case. In fashioning that sentence, the district court was forced to estimate the amount of time that Stewart would actually serve on the undischarged state sentences. Note 3 speaks to this precise circumstance, commenting that "[w]here the defendant is serving a term of imprisonment for a state offense, the information available may permit only a rough estimate." Here, appellant and the probation officer both agreed that he would probably be paroled after 11 years. The fact that Maryland may or may not take the instant federal sentence into account when adjudicating appellant's parole date involves the type of fine-tuning that is unnecessary, and largely impossible, where indeterminate undischarged state sentences are involved in a federal sentencing proceeding.

### III.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED.*