UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4785

CESAR BELISARIO SALCIDO, a/k/a
Cesar Gomez-Lopez,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-98-46)

Submitted: January 11, 2000

Decided: February 8, 2000

Before WILKINS and TRAXLER, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert I. O'Hale, CLIFFORD, CLENDENIN, O'HALE & JONES,
L.L.P., Greensboro, North Carolina, for Appellant. Walter C. Holton,
Jr., United States Attorney, Robert M. Hamilton, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cesar Belisario Salcido appeals the forty-six-month sentence he received upon his guilty plea to illegal re-entry. See 18 U.S.C.A. § 1326(a), (b)(2) (West 1999). He contends that the district court failed to apply correctly U.S. Sentencing Guidelines Manual § 5G1.3(c), p.s. (1997). We affirm.

Salcido was deported in 1984, under the name Cesar Gomez-Lopez, after a federal conviction for cocaine trafficking. In 1997, he pled guilty in federal court in North Carolina under his real name to conspiracy to distribute marijuana. In January 1998, Salcido was sentenced to a term of five years imprisonment for the marijuana conspiracy. The next month, Salcido was charged with illegal re-entry--the instant offense. The probation officer calculated a guideline range of 46-57 months and noted that the district court had discretion under USSG § 5G1.3(c) to impose a sentence that was concurrent, partially concurrent, or consecutive to the undischarged marijuana conspiracy sentence. Salcido requested that his sentence run concurrently with the undischarged marijuana conspiracy sentence. However, after exploring in some detail Salcido's explanation for his repeated involvement in drug trafficking, considering Salcido's arguments for a concurrent sentence, and commenting on Salcido's ability to support his family by running legitimate businesses, the district court decided that there were "no compelling facts" to warrant a sentence concurrent with the five-year sentence Salcido was serving. Therefore, the court imposed a consecutive sentence of forty-six months.

Salcido argues that in applying § 5G1.3(c) the district court failed to follow the procedure set out in United States v. Hill, 59 F.3d 500, 502-03 (4th Cir. 1995), and United States v. Stewart, 59 F.3d 496, 498 (4th Cir. 1995). Both cases were decided before the 1995 amendment to § 5G1.3. See Amd. 535, USSG App. C. Under the current version

2

of § 5G1.3(c), the district court is not required to follow the procedure described in Hill and Stewart. See United States v. Mosley, ___ F.3d ___, 2000 WL 1285, at *4 (4th Cir. Dec. 30, 1999).

Under the 1997 version of the U.S. Sentencing Guidelines Manual used in sentencing Salcido, when the district court is sentencing a defendant subject to an undischarged term of imprisonment, § 5G1.3(c) gives the court discretion to impose a concurrent, partially concurrent, or consecutive sentence "to achieve a reasonable punishment for the instant offense." The commentary directs that the court should consider the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a)), which are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment and adequate deterrence, to protect the public, to provide the defendant with training or treatment as needed; (3) the kinds of sentences available; (4) the sentencing guidelines and policy statements; and (5) the need to avoid unwarranted sentencing disparity among defendants with similar records who have been convicted of similar conduct. See USSG § 3553(a). The court should also consider:

> (a) the type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;
>
> (b) the time served on the undischarged sentence and the time likely to be served before release;
>
> (c) the fact that the prior undischarged sentence may have been imposed in state court rather than in federal court; or at a different time before the same or a different federal court; and
>
> (d) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

USSG § 5G1.3, comment. (n.3).

Salcido does not contend that the district court failed to consider the relevant factors, and our review of the record discloses that it did

3

consider them. We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4