UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert Lee HILL, Defendant–Appellant.

No. 94–5120.

United States Court of Appeals,
Fourth Circuit.

Argued June 9, 1995.

Decided July 25, 1995.

**ARGUED:** Hunt Lee Charach, Federal Public Defender, Charleston, WV, for appellant. Kelly D. Ambrose, Asst. U.S. Atty., Charleston, WV, for appellee. **ON BRIEF:** C. Cooper Fulton, Asst. Federal Public Defender, Charleston, WV, for appellant. Rebecca A. Betts, U.S. Atty., Charleston, WV, for appellee.

Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and JACKSON, United States District Judge for the Eastern District of Virginia, sitting by designation.

Vacated and remanded by published opinion. Judge WILKINS wrote the opinion, in which Chief Judge ERVIN and Judge JACKSON joined.

## OPINION

WILKINS, Circuit Judge:

Robert Lee Hill appeals a sentence of 33 months imprisonment to be served consecutively to a previously imposed state sentence he was serving when sentenced in federal court. He asserts that in imposing this sentence, the district court impermissibly disregarded the tenets of United States Sentencing Commission, *Guidelines Manual,* § 5G1.3(c), p.s. (Nov.1993). In addition, he claims that departure from the guideline range resulting from the application of § 5G1.3(c) is not permitted or, alternatively, that a departure was not proper under the facts of this case. For the reasons stated below, we vacate and remand for resentencing.

### I.

During the summer of 1993, Hill pled guilty in West Virginia state court to charges of grand larceny and malicious wounding and was sentenced to concurrent terms of imprisonment of one to ten years and two to ten years, respectively. Under these sentences, Hill's earliest consideration for release on parole would be after service of 24 months imprisonment. While serving these state sentences, Hill pled guilty in federal court to knowingly making false statements to a federally licensed firearms dealer, an offense he committed prior to being sentenced in state court. *See* 18 U.S.C.A. § 922(a)(6) (West Supp.1995). At the time of his sentencing in federal court, he had served approximately nine months of his state sentences.

The district court calculated Hill's adjusted offense level to be 12[1] and his Criminal History Category to be V,[2] producing a guideline range of 27–33 months imprisonment. Hill maintained that § 5G1.3(c) required the district court to impose a sentence within this guideline range of which no more than 22 months would be served consecutively to the undischarged terms of state imprisonment. The district court disagreed, asserting the belief that "under these circumstances, the Court has the opportunity to consider in its discretion whether the sentence called for is to be consecutive to the

---

1. The base offense level for a violation of § 922(a)(6) was 14, from which two levels were deducted for acceptance of responsibility. *See* U.S.S.G. §§ 2K2.1(a)(6), 3E1.1(a).

2. This was based on 12 criminal history points, six of which resulted from the grand larceny and malicious wounding state offenses.

two sentences now being served in the state system or whether it is to be concurrent." It then sentenced Hill to 33 months imprisonment to be served consecutively to the undischarged state sentences, resulting in combined punishment for the federal and state offenses of at least 57 months imprisonment.[3] Alternatively, although the district court expressed the view that it was not departing, it ruled that the sentence imposed could be justified as an upward departure based on its assessment of Hill as "a person who has been in serious criminal trouble throughout his adult life and [who] has been treated extremely leniently by the court system until very recently."

## II.

■ Hill primarily argues that the district court erred in failing to apply U.S.S.G. § 5G1.3(c) in determining his sentence. The proper application of this guideline presents a legal issue, which we review de novo. *See United States v. Daughtrey,* 874 F.2d 213, 217 (4th Cir.1989).

## A.

The Comprehensive Crime Control Act of 1984 directed the United States Sentencing Commission to issue guidelines for use by a sentencing court in determining, *inter alia,* "whether multiple sentences to terms of imprisonment should be ordered to run concurrently or consecutively." 28 U.S.C.A. § 994(a)(1)(D) (West 1993). Guideline § 5G1.3 was promulgated pursuant to this congressional directive. When a sentence is to be imposed on a defendant who is serving a state or federal term of imprisonment, § 5G1.3 provides instruction as to whether the sentence for the instant offense is to be served consecutively or concurrently, in whole or in part, to the undischarged sentence. This section provides in full:

**§ 5G1.3** *Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment*

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

(c) (Policy Statement) In any other case, the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense.[4]

We have previously held that § 5G1.3(c) should be enforced "as if it were a guideline, but in a manner that affords the degree of discretion spelled out by the commentary and illustrations." *United States v. Wiley–Dunaway,* 40 F.3d 67, 70–71 (4th Cir.1994).

■ Commentary to § 5G1.3(c) explains that "a reasonable incremental penalty" is a sentence for the instant offense that, together with the undischarged term of imprisonment, approximates the sentence that would have been imposed if the instant offense and the offense underlying the undischarged term of imprisonment were before the court simultaneously for sentencing pursuant to U.S.S.G. § 5G1.2. U.S.S.G. § 5G1.3, comment. (n. 3). Thus, a district court should apply § 5G1.3(c) by first determining the guideline range for the instant offense (the

---

**3.** The total punishment of 57 months imprisonment is based on service of the federal sentence of 33 months consecutive to 24 months imprisonment on the state sentences, the minimum amount of time Hill would be required to serve before release on state parole.

**4.** Because subsections (a) and (b) are not applicable, subsection (c) is controlling.

instant offense guideline range) and the appropriate guideline range if the sentence were being imposed at the same time in federal court for the instant offense and the offense for which the undischarged term of imprisonment is being served (the combined guideline range). *See Wiley–Dunaway*, 40 F.3d at 71. Then, considering the time served and the time remaining on the undischarged sentence, the court should impose a term of imprisonment within the instant offense guideline range that results in a total punishment that is within the combined guideline range. *See* U.S.S.G. § 5G1.3, comment. (n. 3) (illustrating application of § 5G1.3(c)).[5] In order to reach a total punishment that is within the combined guideline range, the district court may order the sentence imposed to be served consecutively or concurrently, in whole or in part, to the undischarged sentence. If no sentence can be imposed from within the instant offense guideline range that will result in a total punishment that is within the combined guideline range, the commentary to § 5G1.3 authorizes the district court, in its discretion, to depart from the instant offense guideline range in order to accomplish this result.[6] U.S.S.G. § 5G1.3, comment. (n. 3); *Wiley–Dunaway*, 40 F.3d at 71.

■■■ The combined guideline range that would have resulted if Hill had been sen-

tenced at the same time for the state charges and the instant offense is 37–46 months imprisonment.[7] Accordingly, § 5G1.3(c) instructs the district court to impose a sentence within Hill's instant offense guideline range of 27–33 months such that the total state and federal time Hill likely will serve would not be less than 37 months or more than 46 months.[8] Since Hill had already served nine months of his state sentence, a concurrent sentence of 28 months, 33 months, or some point in between would have resulted in Hill serving a combined sentence within the combined guideline range. Clearly, by imposing a sentence of 33 months to be served consecutively to Hill's state sentences—resulting in Hill's incarceration for a total of at least 57 months—the district court did not impose a sentence contemplated by § 5G1.3(c).

### B.

■■■ The question remains, however, whether the sentence imposed by the district court may nevertheless be affirmed. The district court stated that the sentence could be justified as an upward departure even if it did not comply with § 5G1.3(c). Hill urges that when § 5G1.3(c) applies, the district court is required to impose a sentence that reflects "a reasonable incremental punishment" and that a sentence pursuant to an

---

**5.** Additionally, *Wiley–Dunaway* instructs that the district court, upon determining that application of this methodology either would be impractical because of a lack of information about the offense underlying the undischarged term of imprisonment or would unduly complicate the sentencing process, may employ a reasonable, alternative means to determine the appropriate incremental punishment. *See Wiley–Dunaway*, 40 F.3d at 72. We affirmed just such an approach in *United States v. Stewart*, 59 F.3d 496 (4th Cir.1995).

**6.** The goal sought to be achieved by § 5G1.3(c) is to enhance uniformity of sentencing by identifying a sentencing range that will provide a penalty that approximates the sentence that would be imposed on an individual who received a single, federal sentence for the same offenses. However, under the sentencing methodology presently mandated by the guideline, that goal cannot always be achieved absent a discretionary departure from the instant offense guideline range. A simpler approach to imposing a sentence that

falls within the combined guideline range, and therefore advances the goal of § 5G1.3(c), would be to subtract the amount of time served on the undischarged sentence from the combined guideline range and impose a sentence within this newly identified range to be served concurrently with the remainder of the undischarged sentence. However, without changes to the commentary to § 5G1.3 this approach is not presently permitted.

**7.** Hill's offense level would be 19 and his Criminal History Category would be III. This lower Criminal History Category reflects the fact that criminal history points for the state offenses of larceny and malicious wounding would not be assessed since they were included in the determination of the offense level.

**8.** Commentary to § 5G1.3 recognizes that this determination, depending on the facts available regarding the state offenses and the policies relating to parole from a state sentence, may of necessity be based on a "rough estimate." U.S.S.G. § 5G1.3, comment. (n. 3).

upward departure that is greater than the sentence contemplated by § 5G1.3(c) is prohibited. We disagree. As with any guideline sentence, once the sentence indicated by § 5G1.3(c) has been determined, the district court has two options. First, it may impose a sentence pursuant to the procedures described above for application of § 5G1.3(c) such that, to the extent practicable, the total time served falls within the combined guideline range. Second, the district court may depart upward or downward, provided the requirements of 18 U.S.C.A. § 3553(b) (West Supp.1995) are met.[9] *See Wiley–Dunaway,* 40 F.3d at 72.

Here, while the district court mentioned several reasons that it believed justified an upward departure as an alternative basis for the sentence imposed,[10] it did not specify its reasons for concluding that the Sentencing Commission did not adequately take these factors into consideration when it formulated the guidelines. Accordingly, we must remand for the district court to articulate more fully its reasons for imposing the sentence.[11]

### III.

Although the district court did not follow the procedure set forth in § 5G1.3(c), we offer no criticism for it did not have the benefit and instruction of *Wiley–Dunaway* when it sentenced Hill. And, although the sentence imposed may be entirely appropriate, remand is necessary to give the district court an opportunity to apply the procedures of § 5G1.3(c) and then, if in its discretion it chooses to depart, to explain adequately the basis for doing so. Consequently, we vacate Hill's sentence and remand with instructions for the district court to resentence him in a manner consistent with this opinion.

*VACATED AND REMANDED.*

---

**9.** Of course, as explained in section II.A. above, in some instances it may not be possible to fashion a sentence that is within the combined guideline range without making a Commission-identified departure from the instant offense guideline range. Section 5G1.3(c) does not, however, give the district court the necessary authority to depart further from the combined guideline range. In order to depart from the combined guideline range established through application of § 5G1.3(c), the requirements of § 3553(b) must be satisfied independently.

**10.** The district court referred to several possible bases for an upward departure, one of which may have been Hill's arrest record. We note that a prior arrest record by itself is not a proper basis for departure. *See* U.S.S.G. § 4A1.3, p.s.

**11.** Because we vacate Hill's sentence and remand for resentencing, we need not consider his argument that an upward departure is not warranted by the facts of this case. And, we express no opinion as to the appropriate sentence to be imposed on remand.