68 F.3d 462
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Calvin Antonio SPENCER, Defendant-Appellant.
 No. 94-5694.
 United States Court of Appeals, Fourth Circuit.
 Submitted: August 22, 1995.
Decided: October 10, 1995.
 
 Rudolph A. Ashton, III, Scott C. Hart, Sumrell, Sugg, Carmichael & Ashton, P.A., New Bern, NC, for Appellant. Janice McKenzie Cole, United States Attorney, John S. Bowler, Assistant United States Attorney, Raleigh, NC, for Appellee.
 Before HALL, WILKINSON, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In August 1994, Calvin Antonio Spencer pled guilty to attempted escape, 18 U.S.C.A. Sec. 751(a) (West Supp.1995), and to two counts of assault on a federal officer, 18 U.S.C.A. Sec. 111(a), (b) (West Supp.1995). He was sentenced in September 1994 as a career offender to a 77-month term of imprisonment which the district court made consecutive to the sentences Spencer was already serving. United States Sentencing Commission, Guidelines Manual, Sec. 5G1.3, p.s. (Nov.1993). Responding to Spencer's request for a concurrent sentence, the district court replied that section 5G1.3 prohibited a concurrent sentence, and later stated that it had "no choice in the matter." The prior sentences were: a 270-month federal sentence for bank robbery and use of a firearm in a crime of violence imposed in April 1994 and two 10-year state sentences imposed in July 1994 for drug and firearms offenses; the latter sentences were consecutive to each other and to the April 1994 federal sentence.
 
 
 2
 Spencer appeals his sentence, contesting the district court's determination of his criminal history score and its imposition of a consecutive sentence. He further claims that the court erred in failing to advise him that he would be subject to a consecutive sentence before accepting his guilty plea. While we find that the district court correctly determined Spencer's criminal history, we vacate Spencer's sentence and remand for resentencing for the reasons discussed below.
 
 
 3
 Initially, we note that, in his plea agreement, Spencer waived his right "to appeal whatever sentence is imposed." The district court brought the waiver to Spencer's attention before accepting his guilty plea, and therefore the waiver appears to be valid. However, because the government has not argued that the waiver bars consideration of the merits of Spencer's appeal, we address the issues on the merits.
 
 
 4
 See United States v. Metzger, 3 F.3d 756, 757-58 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3640 (4th Cir.1994).
 
 
 5
 First, we find that the guidelines clearly intend that criminal history points should be assigned for any sentence imposed before the date of sentencing on the instant offense, unless the prior offense is part of the instant offense. USSG Sec. 4A1.2, comment. (n.1). In any case, the contested criminal history points did not affect Spencer's guideline range because he was sentenced as a career offender.
 
 
 6
 Second, we agree with Spencer that the district court erred in deciding that it was required to impose a sentence consecutive to the sentences Spencer received in April and July 1994. Guideline section 5G1.3(a) mandates a consecutive sentence when the defendant committed the instant offense while serving a term of imprisonment. At the time of Spencer's attempted escape in January 1994, he had been in custody for over a year on state drug, firearms, and assault charges, but had not yet been convicted or sentenced on those charges. Spencer had entered a guilty plea to federal bank robbery and assault charges but had not yet been sentenced. Consequently, he was not serving a term of imprisonment when he attempted the escape, and guideline section 5G1.3(a) did not apply.
 
 
 7
 Subsection 5G1.3(b) did not apply because the prior sentences which he had begun to serve when he was sentenced for the attempted escape were not fully taken into account in determining the offense level for the attempted escape.
 
 
 8
 The district court thus should have sentenced Spencer under subsection 5G1.3(c). See United States v. Wiley-Dunaway, 40 F.3d 67, 70-71 (4th Cir.1994) (Sec. 5G1.3(c) should be enforced as if it were a guideline, but in a manner affording discretion indicated by commentary and illustrations). Subsection 5G1.3(c) provides:
 
 
 9
 In any other case, the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense (emphasis added). To apply section 5G1.3(c), a district court should first determine the guideline range that would apply if the defendant were being sentenced for both the instant offense and the offense underlying the undischarged term of imprisonment. United States v. Hill, --- F.3d ----, 1995 WL 434675 (4th Cir. July 25, 1995) (No. 94-5120). If this method is impractical, and the court explains the reason why it is impractical, an alternative method may be used to determine the reasonable incremental punishment. Id., 1995 WL at * 4 (citing United States v. Stewart, --- F.3d ----, 1995 WL 434672 (4th Cir. July 25, 1995) (No. 94-5750)).
 
 
 10
 In sentencing Spencer, the district court imposed a fully consecutive sentence in the erroneous belief that it was required to do so, and made no determination concerning the extent to which a consecutive sentence was necessary to achieve a "reasonable incremental punishment" for the attempted escape. Moreover, although Spencer requested a concurrent sentence, the district court did not appear to recognize that it had the authority to impose a concurrent sentence by means of a departure, even if a consecutive sentence was mandated by the guidelines. See United States v. Rogers, 897 F.2d 134, 137 (4th Cir.1990) (district court has discretion to impose either concurrent or consecutive sentence under 18 U.S.C. Sec. 3584 (1988) but must depart if sentence is not what guidelines require).
 
 
 11
 Because the district court had discretion to impose a concurrent sentence, we do not reach Spencer's argument that the court violated Fed.R.Crim.P. 11 by failing to inform him that he would receive a consecutive sentence. Spencer has not alleged that his guilty plea was invalid, only that he should be resentenced.
 
 
 12
 Accordingly, we vacate Spencer's sentence and remand for resentencing. On remand, the district court should determine to what extent, if any, a consecutive sentence is necessary to achieve a reasonable incremental punishment for Spencer's attempted escape. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 VACATED AND REMANDED