72 F.3d 128
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Judy A. WILEY-DUNAWAY, Defendant-Appellant.
 No. 95-5270.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 25, 1995.
Decided Dec. 19, 1995.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, Chief District Judge. (CR-93-209)
 Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Sharon M. Fraizer, Assistant United States Attorney, Huntington, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before NIEMEYER and MICHAEL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Judy A. Wiley-Dunaway previously appealed the sentence she received following her guilty plea in West Virginia to making and uttering false securities, 18 U.S.C.A. Sec. 513(a) (West Supp.1995). At the time of her first sentencing in January 1994, Wiley-Dunaway was serving federal and territorial sentences for embezzlement imposed in the Virgin Islands. We vacated the 15-month consecutive sentence and remanded for resentencing because the district court failed to apply U.S.S.G. Sec. 5G1.3(c), p.s.* United States v. Wiley-Dunaway, 40 F.3d 67 (4th Cir.1994).
 
 
 2
 On remand, the district court first imposed a 15-month sentence to run concurrently with the territorial sentence, commencing December 28, 1994 (the date of resentencing) until the territorial sentence is satisfied, and consecutively thereafter. Later, by order dated March 15, 1995, the district court determined that the sentence should be imposed as of the original January 1994 sentencing date and not as of December 28, 1994. The court therefore revised the sentenced by reducing it to 12 months and imposing it consecutive to the territorial sentence.
 
 
 3
 Since we conclude that the district court's 12-month consecutive sentence falls within its discretion under U.S.S.G. Sec. 5G1.3 to impose a "reasonable incremental punishment," see United States v. Hill, 59 F.3d 500, 502 (4th Cir.1995); United States v. Stewart, 59 F.2d 496, 498 (4th Cir.1995), we affirm its sentence.
 
 
 4
 AFFIRMED. _________________________________________________________________
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1994)