UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5143

DELPHONSO OSCAR BREWER,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., Chief District Judge.
(CR-94-200)

Submitted: October 10, 1995

Decided: January 8, 1996

Before WILKINS, NIEMEYER, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Lisa B. Boggs, Assis-
tant United States Attorney, Greensboro, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Delphonso Oscar Brewer was convicted by a jury of bank robbery, 18 U.S.C.A. § 2113(a) (West Supp. 1995). He was sentenced to a term of 220 months to be served consecutively to a state prison sentence he was already serving for other offenses. Brewer appeals his conviction, contending that the evidence was insufficient to convict him. He appeals his sentence, arguing that the district court misapplied United States Sentencing Commission, Guidelines Manual, § 5G1.3(c), p.s. (Nov. 1994). We affirm Brewer's conviction and his sentence.

On May 20, 1994, a bank in Greensboro, North Carolina, was robbed by a black male wearing a green windbreaker, a straw hat with a green plastic visor, and tinted sunglasses. He gave the teller a demand note and a white plastic bag with red lettering, into which the teller put $2000. After the robber fled the bank, the hat, jacket, and bag were found nearby. A fingerprint lifted from the visor of the hat matched Brewer's fingerprints. A teller who observed the robber identified Brewer from a photographic lineup. The teller who was approached by the robber also identified Brewer, but with less certainty. Both tellers identified Brewer in court as the person who robbed the bank. Brewer's motion for acquittal was denied. He presented no evidence and was convicted of the robbery.

A conviction must be upheld if there is substantial evidence, taken in the light most favorable to the government, to support a finding of guilt. Glasser v. United States, 315 U.S. 60, 80 (1942). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to the facts sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

2

Brewer contends that his fingerprint on the hat visor was not strong evidence of guilt because there were also fingerprints on the visor which were not his. He challenges the identifications made from the photo lineup by the tellers because they were made about six weeks after the robbery, and he argues that the in-court identifications were unreliable because Brewer was the only black male in the courtroom. However, defense counsel brought out all these factors during his cross-examination of the government witnesses. On the evidence presented, a rational factfinder could find Brewer guilty of the robbery.

Just before his federal indictment for the bank robbery, Brewer had been sentenced in state court for prior convictions of robbery, assault with a deadly weapon, and armed robbery. At the same time, his term of probation for an earlier robbery conviction was revoked. Following Brewer's federal bank robbery conviction, the probation officer recommended that he be sentenced as a career offender with a guideline range of 210-240 months.

At Brewer's sentencing hearing, the district court asked how USSG § 5G1.3 (Sentence on Defendant Subject to Undischarged Term of Imprisonment) would affect his sentence. After consulting with at least two probation officers during a recess, the court decided that § 5G1.3(c) applied.* Defense counsel made no objection, but

_____

*Guideline § 5G1.3(a) applies when the instant federal offense occurred during the undischarged term of imprisonment and requires a consecutive sentence. Section 5G1.3(b) calls for a concurrent sentence when the defendant's undischarged term of imprisonment results from conduct that was fully taken into account as relevant conduct in determining his offense level for the instant federal offense. USSG § 5G1.3, comment. (n.2).

Section 5G1.3(c) applies in any other case. It requires the district court to estimate what the sentence would be if the defendant were sentenced at the same time for the instant offense and the offenses underlying the undischarged term of imprisonment, and to make the sentence for the instant offense consecutive to the undischarged term to the extent necessary to achieve a reasonable incremental punishment. Although § 5G1.3(c) is a policy statement, it is enforced like a guideline, taking into account that the commentary allows the district court some discretion in fashioning a sentence. United States v. Wiley-Dunaway, 40 F.3d 67, 70-71 (4th Cir. 1994).

3

requested a concurrent sentence. The attorney told the court that he had attempted to work through the formula set out in the commentary to § 5G1.3(c) for calculating a reasonable incremental punishment, but had concluded that it would ultimately be a matter for the court's discretion. After the district court expressed uncertainty about how to determine a reasonable incremental punishment, defense counsel again stated that it was "something best decided in the Court's discretion." The district court eventually decided, in the absence of any other information, that Brewer would serve about 20 months in state custody and imposed a consecutive sentence of 220 months.

On appeal, Brewer first contends that § 5G1.3(b) applied because his state offenses were considered in determining that he was a career offender, which in turn determined his final offense level. Because this view does not correspond with the clear intent of the guideline and commentary, it is without merit. The district court correctly determined that § 5G1.3(c) applied in Brewer's case.

Brewer next argues that, even if § 5G1.3(c) applied, the district court erred in imposing a consecutive sentence without more complete information about how much time he had left to serve on his state sentences. While a district court's decision to impose a concurrent or consecutive sentence is reviewed for abuse of discretion, the question of whether the court has properly applied a guideline section to the defendant is reviewed de novo. United States v. Puckett, 61 F.3d 1092, 1097 (4th Cir. 1995).

Although Brewer did not dispute in the district court that he was serving a 20-year state sentence, he now maintains that he is subject to 40 years of imprisonment in the state system because the presentence report does not indicate that any of his state sentences were to run concurrently. The government counters that sentences generally run concurrently in North Carolina and that robbery sentences must be consecutive to undischarged sentences. Because Brewer was not serving a prior sentence when he received three robbery sentences on July 18, 1994, the government contends that those sentences are concurrent, making the total undischarged sentence 20 years.

When Brewer was sentenced, the district court did not have definitive information about the length of Brewer's aggregate sentence, or

4

the time served to that date, or the time remaining. Because Brewer tacitly agreed that the undischarged sentence was a 20-year sentence, and has not shown conclusively on appeal that it is longer, the district court did not plainly err in using that figure. The court had no choice but to estimate how much of his state sentence Brewer would actually serve.

Recent Fourth Circuit decisions have explained the procedure to be used in applying § 5G1.3(c). See Puckett , 61 F.3d at 1097-98; United States v. Hill, 59 F.3d 500, 502-03 (4th Cir. 1995); United States v. Stewart, 59 F.3d 496, 498 (4th Cir. 1995). The district court should first determine the guideline range for the instant federal offense (instant offense guideline range) and the guideline range which would apply if sentence were being imposed for both the instant offense and the offenses underlying the undischarged term (the combined guide-line range). Second, the court should consider the time served and the time remaining on the undischarged sentence and impose a sentence within the instant offense guideline range which results in a sentence within the combined guideline range. Third, the court should decide whether the sentence must be concurrent or consecutive, in whole or in part, to the undischarged sentence in order to achieve a sentence within the combined guideline range. Hill, 59 F.3d at 502-03.

If the court determines that this procedure is impractical because of lack of information about the prior offenses or would unduly com-plicate the sentencing process, it may employ a reasonable alternative method of determining the appropriate incremental punishment. Stewart, 59 F.3d at 498.

In Brewer's case, the district court did not have the benefit of Hill or Stewart. The district court did not determine a combined guideline range for the instant offense and the offenses underlying Brewer's state sentence. Because Brewer is a career offender, his combined guideline range would, in fact, be lower than the instant offense guideline range (the career offender guideline range). See Hill, 59 F.3d at 501 n.2, 503 n.7. Thus, initially, it appears that no incremental penalty would be due and a concurrent sentence would be appropri-ate.

However, the district court's task was made somewhat more com-plex in that Brewer was both a career offender and was serving a state

5

probation revocation sentence. Brewer was on probation at the time the instant offense was committed and the 10-year undischarged sentence in paragraph 31 of the presentence report resulted from the revocation of his probation. Application Note 4 to§ 5G1.3 instructs the district court to impose a sentence consecutive to a probation revocation sentence. See Puckett, 61 F.3d at 1097-98.

Mindful of the admonition in the commentary that§ 5G1.3(c) is to be applied in a manner that does not unduly complicate or prolong the sentencing process, USSG § 5G1.3(c), comment. (n.3), we find that the sentence imposed by the district court was reasonable. The court estimated that Brewer would serve no more than 20 months of his state sentence, imposed a sentence at the mid-point of the career offender guideline range, and made it consecutive to the state sentence. The sentence adequately takes into account the two competing approaches at work in this case.

We therefore affirm Brewer's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6