**UNITED STATES COURT OF APPEALS**
**Filed 6/6/96**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LOUISE HARRINGTON,

    Defendant-Appellant.

No. 95-3388
(D.C. No. 94-20091-01)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL**, and **HENRY**, Circuit Judges.[**]

Appellant Louise Harrington pled guilty in federal district court to one count of making a false statement in connection with the acquisition or attempted acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6). Harrington was sentenced to 46 months imprisonment. Harrington timely filed this appeal, challenging the district court's

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

calculation of her sentence under the Sentencing Guidelines.  We have jurisdiction under 28 U.S.C. § 1291 and **AFFIRM**.

On July 6, 1995, Harrington presented to the district court a Petition to Enter a Plea of Guilty to the Information charging the section 922(a)(6) violation.  In her Petition, Harrington stated: "On November 23, 1993 I made a false statement in connection with pawning a 25 calibre pistol.  I completed the firearms transaction record and falsely answered that I did not have a felony conviction.  I was convicted of a felony in Missouri in 1989."  R.O.A., Vol. I, doc. 20, at 1.  At the plea hearing held that day, the government detailed the evidence supporting the information.  It stated that the evidence would show that in 1989 Harrington had been convicted in Missouri of assault, and had been sentenced to a suspended sentence of five years in prison.[1]  The evidence would further show that on November 23, 1993, Harrington "redeemed, that is, recovered" a .25 caliber pistol that she had previously pawned there, and that while redeeming the firearm she had indicated on the required form that she did not have a prior felony.  Finally, the evidence would show that Harrington, after receiving Miranda warnings, had admitted to a federal agent that she had redeemed the pistol, and acknowledged the form that she had filled out. (R.O.A., Supp. Vol. IV, doc. 38, at 18-19).  Harrington did not object to this characterization of the evidence. (Id. at 20).

---

[1]  The government further stated that Harrington's probation was later revoked and she was sentenced to five years imprisonment.

The district court accepted Harrington's plea, and ordered a presentence report. The presentence report applied U.S.S.G. § 2K2.1(a)(4)(A) to calculate a Base Offense Level of 20, with a three-level reduction for acceptance of responsibility. (R.O.A., Vol. II, at 5). Based on a total offense level of 17 and a criminal history category of V, the recommended guideline range was 46 to 57 months imprisonment. (Id. at 15). Harrington objected, among other things, to the use of § 2K2.1(a)(4)(A), arguing that her offense conduct was instead governed by § 2K2.1(a)(7). (Id. at 17). Section (a)(7) provides a Base Offense Level of only 12. The district court heard argument, and determined that both sections were equally applicable. (R.O.A., Supp. Vol. III, doc. 37, at 15). Noting that § 2K2.1(a) directs the court to apply the greatest relevant base offense level, the court applied § 2K2.1(a)(4)(A) and sentenced Harrington accordingly. (Id. at 15, 22). Harrington appeals that determination.

The Base Offense Level for violations of 18 U.S.C. § 922(a)-(p) is determined by reference to guideline 2K2.1, titled "Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition." The Guideline lists eight categories of base offense levels. Section (a)(4)(A) provides for a base offense level of 20 if the defendant "had one prior felony conviction of either a crime of violence or a controlled substance offense." Section (a)(7) is a catch-all which provides for a base offense level of 12 when subsections (1) through (6) are inapplicable, and "except as provided below." "Below" refers to Section (a)(8),

which provides a base offense level of 6 "if the defendant is convicted under 18 U.S.C. § 922(c), (e), (f), or (m)."

Harrington argues, and argued before the district court, that the Guideline distinguishes offenses involving unlawful receipt and possession of a firearm from offenses consisting merely of prohibited transactions involving firearms. Sections (a)(1) through (a)(6), she asserts, are meant to apply only to offenses involving the unlawful possession or receipt of a firearm. She argues that where the offense is merely a prohibited transaction involving a firearm, only sections (a)(7) or (a)(8) are applicable. Since she pled guilty of a prohibited transaction and not of possession, she concludes that subsection (a)(4)(A) cannot apply, and her conduct is governed by section (a)(7).

We find no basis for such a distinction. At the sentencing hearing, Harrington explained that "originally when the guidelines came out in '87, '88 and '89, there were different guideline sections covering possessory offenses and transaction offenses. 2K2.2 and 2.3 I believe were deleted in 1991, and those sections combined into 2K2.1 as it currently stands, which consolidates the possession offenses with the transaction offenses." R.O.A., Supp. Vol. III, Doc. 37, at 6. At least one court has, without difficulty, applied sections (a)(1) through (a)(6) of Guideline 2K2.1 for § 922(a)(6) offenses. See United States v. Hill, 59 F.3d 500, 501 n.1 (4th Cir. 1995)(base offense level for defendant convicted of violating § 922(a)(6) was provided by U.S.S.G. § 2K2.1(a)(6)).

Even assuming, however, that a defendant's possession of the firearm is required for U.S.S.G. § 2K2.1(a)(6) to apply, we agree with the government that Harrington possessed the firearm. At sentencing, Harrington argued that she "never actually had physical custody in her hand, actual possession" of the pistol. (R.O.A., Supp. Vol. III, at 12). Immediately after she retrieved the pistol from the broker, she asserted, another individual took possession of the weapon and carried it from the pawnshop. (Id. at 12-13). However, her admission at sentencing that she retrieved the firearm, together with her failure at the plea hearing to object to the government's assertion that she "redeemed" and "recovered" it, establish possession. Indeed, § 922(g), the statute that criminalizes possession of a firearm by a felon, provides that it is unlawful for such an individual "to receive" any firearm that has been transported in interstate commerce. When the firearm was returned to Harrington, she assumed possession of it; her choice to transfer the firearm to another individual would not alter this fact.

We **AFFIRM** the district court's determination of sentence.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

- 5 -