**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                     No. 98-4045

MICHAEL LASHAWN CLARK,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Salisbury.
James A. Beaty, Jr., District Judge.
(CR-97-100)

Submitted: July 21, 1998

Decided: August 13, 1998

Before WIDENER and ERVIN, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William L. Osteen, Jr., ADAMS & OSTEEN, Greensboro, North Car-
olina, for Appellant. Walter C. Holton, Jr., United States Attorney,
Clifton T. Barrett, Assistant United States Attorney, Tommy Simp-
son, Third-Year Law Student, Greensboro, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Michael Lashawn Clark appeals his sentence following his guilty plea for conspiracy to possess with the intent to distribute crack in violation of 21 U.S.C. § 846 (1994). We affirm.

When he was sentenced in federal court, Clark was serving a state sentence for assault with a deadly weapon inflicting serious injury. Applying U.S. Sentencing Guidelines Manual§ 5G1.3(c) (1997) ("USSG"), the sentencing court imposed a federal sentence of 175 months' imprisonment to run consecutively to Clark's undischarged state sentence.[1]

On appeal, Clark asserts that the sentencing court abused its discretion by imposing a federal sentence to run consecutively to the undischarged state sentence. In United States v. Hill , 59 F.3d 500 (4th Cir. 1995), we held that in applying § 5G1.3, the sentencing court should first determine:

> the guideline range for the instant offense (the instant offense guideline range) and the appropriate guideline range if the sentence were being imposed at the same time in federal court for the instant offense and the offense for which the undischarged term of imprisonment is being served (the combined guideline range).

See Hill, 59 F.3d at 502-03. Once the combined guideline range has been determined, the sentencing court "should impose a term of imprisonment within the instant offense guideline range that results in a total punishment that is within the combined guideline range." Id. at 503 (citing USSG § 5G3.1, comment.(n.3)).

In the case at bar, the conspiracy offense resulted in an offense level of 35 and a guideline range for imprisonment of 292 to 365

_____

[1] Clark also received a downward departure of forty percent under USSG § 5K1.1.

months. Under federal law, Clark's state offense would be aggravated assault,**2** resulting in an offense level of 25. See USSG § 2A2.2. An aggravated assault offense and a drug conspiracy offense may not be grouped together in determining a combined offense level. See USSG § 3D1.2(d). Under USSG § 3D1.4, to determine the combined offense level for separate groups of offenses, the sentencing court must disregard any group of offenses that are nine or more levels less serious than the offense group with the highest offense level. Thus, the drug conspiracy offense level emerges as the applicable offense level, and the applicable guidelines range that would have resulted had Clark been sentenced for both an aggravated assault and the drug conspiracy simultaneously is 292 to 365 months.

At the time of sentencing on the drug conspiracy offense, Clark had approximately twenty-seven months remaining on his state sentence. Adding this to the low end of the applicable guidelines range for the drug conspiracy, Clark would have had a total of 319 months to serve, which is within the appropriate guidelines range. **3** Thus, we find that the district court did not abuse its discretion in sentencing Clark because the sentence was proper under Hill and the Sentencing Guidelines.

Accordingly, we affirm Clark's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**2** Clark states in his brief that assault with a deadly weapon inflicting serious injury may be treated as aggravated assault under federal law.

**3** The Government requested a downward departure from the low end of the guidelines range, which the sentencing court granted. Thus, it appears from the record that the sentencing court intended to sentence Clark at the low end of the guidelines range.