**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 98-4210

WILLIAM G. HARDEN,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 98-4211

WILLIAM G. HARDEN,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CR-93-129, CR-97-647)

Submitted: November 24, 1998

Decided: January 14, 1999

Before MURNAGHAN, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,

Dean A. Eichelberger, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William G. Harden appeals the forty-two-month sentence he received after he entered guilty pleas to a 1993 indictment charging possession of child pornography, 18 U.S.C.A. § 2252(a)(4) (West Supp. 1998), and a 1997 indictment charging possession of counterfeit securities, 18 U.S.C. § 513 (1994). He contends that the district court misapplied USSG § 5G1.3**1** in imposing a sentence to be served consecutively to the state sentence he was serving. We affirm.

In 1992, Harden was charged in state court with distribution of marijuana and contributing to the delinquency of a minor. After his arrest, Harden's residence, vehicle, and safe deposit box were searched by state authorities. Polaroid photographs of nude young men with exposed genitals were seized, as well as illegal prescription drugs, narcotics and other controlled substances including marijuana. In March 1993, Harden was sentenced to five years imprisonment for the marijuana conviction and a concurrent three-year prison term for contributing to the delinquency of a minor. In April 1993, he pled guilty to state drug charges and received a concurrent two-year sentence. The same month, a federal grand jury charged Harden with possession of child pornography. In May 1993, Harden escaped from state custody.

In February 1997, Harden was arrested on charges of contributing

_____

**1 U.S. Sentencing Guidelines Manual** (1992). Harden was sentenced in March 1998 but the district court applied the 1992 guidelines manual.

to the delinquency of a minor and possession of marijuana with intent to distribute. He had counterfeit money orders in his briefcase. In November 1997, Harden pled guilty in federal court to the 1993 charge of possessing child pornography and to the 1997 charge of possession of counterfeit money orders.

To calculate Harden's guideline range, the probation officer used the 1997 guidelines manual and placed each of the counts in a separate group. The child pornography count had a base offense level of 15, see USSG § 2G2.4, increased by two levels to 17 for possession of more than ten visual depictions involving sexual exploitation of a minor. See USSG § 2G2.4(b)(2). The counterfeit securities count had a base offense level of 6, increased to 12 by enhancements for the amount of loss and more than minimal planning. See USSG § 2F1.1. The multiple count adjustment increased the offense level to 18. See USSG § 3D1.4. With a three-level adjustment for acceptance of responsibility, see USSG § 3E1.1, the final recommended offense level was 16. Harden had 26 criminal history points, placing him in criminal history category VI. The recommended guideline range was 46-57 months. The probation officer noted that, because Harden was subject to an undischarged term of imprisonment, USSG § 5G1.3 applied.

At the sentencing hearing, the district court applied the 1992 guideline manual to avoid an ex post facto problem because the 1992 manual provided a lower base offense level for the child pornography count (13 rather than 15).[2] Application of the 1992 manual lowered Harden's final offense level to 14, giving him a guideline range of 37-46 months.

The government argued that the sentence should be consecutive to Harden's state sentence pursuant to USSG § 5G1.3(a). Subsection (a) provides: "If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) . . . the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of impris-

_____

[2] Guideline section 2G2.4(a) was amended to increase the base offense level to 15 on November 1, 1996. See USSG App. C, amend. 537.

onment." Harden's 1997 counterfeiting offense was committed while he was on escape status.

Harden argued that the court should apply USSG § 5G1.3(c), p.s., and impose a sentence that would be partially concurrent to his state sentence because he was not serving a term of imprisonment when he committed the 1993 child pornography offense. Subsection (c) provides that, if neither subsection (a) nor subsection (b)**3** applies, "the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense."

Without indicating which subsection applied, the district court imposed a consecutive sentence. On appeal, Harden suggests that the district court erroneously applied USSG § 5G1.3(a) in imposing a consecutive sentence. He points out that the court failed to follow the procedure set out by this court in United States v. Hill, 59 F.3d 500, 502-03 (4th Cir. 1995), for district courts to use in applying USSG § 5G1.3(c).

Although the district court did not articulate its reasons for imposing a fully consecutive sentence, we find no error because a consecutive sentence was called for under USSG § 5G1.3(a). Application Note 1 to the 1992 version of USSG § 5G1.3 directs that the court should impose a consecutive sentence "where the instant offense (or any part thereof) was committed while the defendant was serving an undischarged term of imprisonment." (emphasis added). Here, the instant offense included both Harden's 1993 child pornography charge and his 1997 counterfeit money orders charge. Because the 1997 portion of the instant offense was committed while Harden was

_____

**3** Subsection (b) provides that, if subsection (a) does not apply and the conduct underlying the undischarged term of imprisonment has been fully taken into account in determining the offense level for the instant offense, the sentence should be concurrent to the undischarged term of imprisonment. Subsection (b) does not apply here.

4

on escape status, the district court applied the guideline correctly by imposing a fully consecutive sentence.**4**

We therefore affirm the sentence imposed. We grant Harden's motion for leave to submit a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**4** The government argues alternatively that the sentence was also correct under USSG § 5G1.3(c). Because we find that USSG § 5G1.3(a) applied, we need not address this issue.

5