**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4973

YAKUBU MOBUTU ROSS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-97-58)

Submitted: March 28, 2000

Decided: August 29, 2000

Before WILLIAMS and MICHAEL, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Bradley Powell Butterworth, BUTTERWORTH & WAYMACK,
Hopewell, Virginia, for Appellant. Helen F. Fahey, United States
Attorney, John S. Davis, Assistant United States Attorney, Richmond,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Yakubu Mobutu Ross appeals his convictions for one count of possession of a firearm by a convicted felon and one count of possession of ammunition by a convicted felon. See 18 U.S.C. § 922(g)(1) (1994). He was sentenced to eighty-seven months imprisonment on each count, to be served concurrently; the sentences were to be served consecutive to any other terms of imprisonment faced by Ross. Ross timely appealed. He raises three claims: (1) the Government made unduly prejudicial comments during its closing argument; (2) the district court erroneously granted an upward departure in his criminal history category from category IV to category VI; and (3) the district court erred in declining to impose all or part of his federal sentence to run concurrently with his state sentence. We affirm in part, vacate in part, and remand for resentencing.

I.

Ross first contends that the district court erred in permitting the Government to argue that he had lied during his testimony. In January 1997, police officers arrested Ross for carrying a firearm. During a suppression hearing, the prosecutor asked Ross,"prior to your contact with the police officers, what were you doing?" (J.A. 10). Ross stated that he had been walking up Enslow Avenue to the corner of Front Street when several police cars arrived on the scene. According to Ross, the officers grabbed him, searched him without his consent, placed him in a police car, and searched a jacket he had been carrying over his arm. Ross testified that the officers discovered the firearm in a pocket of the jacket after Ross was placed in the car.

The officers testified that Ross was wearing the jacket containing the firearm. Further, the officers said that Ross consented to a search of his person, and that the firearm was discovered during their subse-

2

quent pat-down search. Further, the officers testified that several papers bearing Ross' name were found in the jacket, and that Ross was still wearing the jacket when he was photographed at the Richmond City Jail after his arrest.

The district court credited the officers' testimony over Ross' and denied the motion to suppress.

At trial, Ross testified and asserted that the officers were lying as to several key facts in the case. During cross-examination, the prosecutor asked Ross, "[p]rior to your contact[with the police officers], what were you doing that day?" (J.A. 96). Ross stated that prior to walking down Enslow Avenue, he had been playing basketball. After the game, a man named Dave gave Ross a ride to the intersection of Enslow Avenue and Front Street. According to Ross, as he exited the car, Dave gave him a jacket to hold while Dave parked the car around the corner. When asked why he had not mentioned receiving the jacket from Dave at the suppression hearing, Ross stated that he had "just [been] getting to the point," but did not feel that information was relevant to the issues at the suppression hearing. (J.A. 112, 116). With regard to the papers bearing his name, Ross stated that they were in the pocket of his jeans, not in the jacket. Finally, Ross testified that the officers instructed him to put the jacket on at the Richmond City Jail prior to being photographed.

During closing argument, the prosecutor pointed out the differences in Ross' testimony at the suppression hearing and at trial. The prosecutor then stated:

> The defendant has maneuvered here. The defendant has testified in a way that he hopes fits all the evidence. But he missed that one. He is caught red-faced in a lie , the same kind of lie he accuses [the officers] of telling a dozen times in this case.

(J.A. 137) (emphasis added).

Ross claims that the statement that he was "caught red-faced in a lie" was improper. Because his counsel did not object to this state-

3

ment at trial, we review for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732-37 (1993).

It is "highly improper for the government to refer to a defense witness as a liar." See United States v. Moore , 11 F.3d 475, 481 (4th Cir. 1993). The statement here was similarly improper. Nevertheless, we conclude that the statement does not warrant reversal. See Olano, 507 U.S. at 732 (holding that reversal is only warranted when there is an error that is plain, the error affects a party's substantial rights, and the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings"). First, the statement was an isolated incident. Second, because Ross' testimony clearly contradicted that of the officers in several key respects, the jury must have realized that someone was not testifying truthfully. Finally, the evidence against Ross was overwhelming. Accordingly, we conclude that Ross' substantial rights were not violated, and relief is not warranted on this claim. See Moore, 11 F.3d at 481.

II.

Ross next contends that the district court erroneously increased his criminal history category from category IV to category VI on the Government's motion. At sentencing, the district court stated that Ross' criminal record supported a finding that he was "a recidivist of a dangerous nature," and that category IV was not "adequate to reflect his criminal conduct." (J.A. at 182-83). The court specifically based the increase to category VI on Ross' "background" and "adult record." (J.A. 183).

The district court may increase a defendant's criminal history category if it finds that the defendant's past criminal conduct is not adequately accounted for in the guidelines criminal history calculation, or to take into account the defendant's likelihood of recidivism. See USSG § 4A1.3 (1995). However, the court must "refer first to the next higher category and . . . move on to a still higher category only upon a finding that the next higher category fails adequately to reflect the seriousness of the defendant's record." United States v. Rusher, 966 F.2d 868, 884 (4th Cir. 1992). The court must provide specific reasons for departing in language relating to the guidelines. See id. at 883.

4

As the Government concedes, the district court did not expressly consider whether category V would be inadequate to take into account Ross' criminal history category before departing to category VI. Accordingly, we remand for the district court to reconsider Ross' criminal history category in accordance with Rusher and USSG § 4A1.3.

III.

Finally, Ross contends that the district court misapplied USSG § 5G1.3(c) (1995) in ordering that Ross' sentence be served concurrently with the sentence he was then serving for a 1996 state conviction. Ross contends that the district court erred in failing to ensure that the sentence resulted in a "reasonable incremental punishment" by creating a hypothetical combined guidelines range considering both the undischarged state term of imprisonment and the current offenses. USSG § 5G1.3, comment. (n.3) (1994). See United States v. Hill, 59 F.3d 500, 502-03 (4th Cir. 1995). Because the "reasonable incremental punishment" requirement did not apply to this offense, which is governed by the 1995 version of the guidelines, this claim is meritless. See USSG Amendment 535; United States v. Mosley, 200 F.3d 218, 223-24 (4th Cir. 1999).

IV.

We vacate Ross' sentence and remand for the district court to conduct the requisite inquiry for determining Ross' criminal history category. In all other respects, we affirm. We grant the motion to submit the case on the briefs without oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

AFFIRMED IN PART, VACATED
IN PART, AND REMANDED

5