**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5277**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

ALEXANDER ANTONIO SIMMONS, a/k/a Ace,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:09-cr-00396-NCT-3)

Submitted:  September 6, 2011        Decided:  September 9, 2011

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas H. Johnson, Jr., GRAY, JOHNSON & LAWSON, LLP, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alexander Antonio Simmons appeals the district court's judgment, arguing that the court unreasonably imposed a sentence that ran consecutive to his unrelated, undischarged state sentences rather than concurrent with them. For the reasons that follow, we find no sentencing error.

Simmons pled guilty to one count of conspiracy to make and possess counterfeited securities, in violation of 18 U.S.C. § 471 (2006). The charges and conviction stemmed out of Simmons' central role in a conspiracy to manufacture and disseminate counterfeit $100 bills.

At the time of his sentencing, Simmons was serving several state court sentences, each of which was unrelated to his federal offense. The presentence report ("PSR") prepared in Simmons' case assigned him a total offense level of six and a criminal history category of VI, based on his eighteen amassed criminal history points. With respect to Simmons' undischarged state sentences, the PSR observed that the court could impose a sentence concurrent, partially concurrent, or consecutive to the undischarged sentences pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 5G1.3(c) (2008). Ultimately, the court imposed a fifteen-month consecutive sentence, which fell within the applicable advisory Guidelines range of 12 to 18 months.

2

We review a sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). A reasonableness review includes both procedural and substantive components. Id. A sentence is procedurally reasonable where the district court committed no significant procedural errors, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or insufficiently explaining the selected sentence. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). The substantive reasonableness of a sentence is assessed in light of the totality of the circumstances. Gall, 552 U.S. at 51. While a sentence may be substantively unreasonable if the § 3553(a) factors do not support the sentence, "[r]eviewing courts must be mindful that, regardless of 'the individual case,' the 'deferential abuse-of-discretion standard of review . . . applies to all sentencing decisions.'" United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir.), cert. denied, 131 S. Ct. 2946 (2011) (citing Gall, 552 U.S. at 52). Moreover, a sentence that falls within a properly calculated Guidelines range is presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Simmons preserved his current challenge to his sentence "[b]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed," such that an abuse of

3

discretion must be reversed unless it constitutes harmless error. United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010).

Simmons cites two sources of authority to support his claim that the district court unreasonably imposed a consecutive sentence upon him: USSG § 5G1.3(c) and 18 U.S.C. § 3584 (2006). Simmons first asserts that § 5G1.3(c) compels a sentencing court to construe the undischarged state offense as if it were a federal offense and to compute a hybrid Guidelines range that would be applicable to both offenses. Cf. United States v. Hill, 59 F.3d 500, 503 (4th Cir. 1995). However, the application notes to § 5G1.3(c) no longer advise such a procedure. See USSG § 5G1.3(c), cmt. n.3(A). As this court has explained, a district court need not calculate a hypothetical combined Guidelines range to comport with the current version of § 5G1.3(c). United States v. Mosley, 200 F.3d 218, 224-25 (4th Cir. 1999). Instead, a district court's discretion in imposing consecutive or concurrent sentences is bounded only by the relevant factors that the current version of § 5G1.3(c) directs it to consider. Id. Those factors include the concerns enumerated in 18 U.S.C. § 3553(a) (2006); the type and length of the prior undischarged sentence; the time likely to be served before release on the undischarged sentence; and the fact that the prior undischarged sentence may have been imposed in state

4

court rather than federal court. See USSG § 5G1.3(c), cmt. n.3(A). The record discloses that the sentencing court properly considered the relevant factors before imposing Simmons' sentence. See United States v. Montes-Pineda, 445 F.3d 375, 385 (4th Cir. 2006).

Simmons also suggests that his sentence is unreasonable by virtue of the district court's failure to recite the applicable statutory and Guidelines factors. Cf. Diosdado-Star, 630 F.3d at 366. Despite the fact that the district court did not explicitly cite either USSG § 5G1.3(c) or 18 U.S.C.A. § 3553(a) in its explanation of Simmons' sentence, we conclude from the record that proper consideration of the relevant factors animated the court's sentencing decision. The record reflects the court's awareness of Simmons' personal history and characteristics, as well as its assessment that Simmons was one of the organizers of the counterfeiting scheme and actively recruited other individuals to disseminate fraudulent bills. Indeed, the court explained that it based Simmons' sentence largely on the degree of his involvement in the counterfeiting scheme. Accordingly, we conclude that the district court's "individualized assessment" of the § 3553(a) factors in this

case is apparent from the sentencing proceedings. <u>United States v. Carter</u>, 564 F.3d 325, 330 (4th Cir. 2009).[*]

We must likewise conclude that the consecutive sentence imposed by the district court was not an abuse of the discretion afforded it under 18 U.S.C. § 3584(b). Section 3584(b) provides that a district court may impose sentences either consecutively or concurrently and directs the court to consider "the factors set forth in section 3553(a)" when making this decision. <u>Id.</u> As Simmons acknowledges, a district court considering whether to run a sentence consecutively or concurrently therefore has the same breadth of discretion under § 3584 that § 3553(a) affords to other sentencing decisions. <u>United States v. Becker</u>, 636 F.3d 402, 408 (8th Cir. 2011); <u>United States v. Johnson</u>, 138 F.3d 115, 119 (4th Cir. 1998). For the reasons previously identified, our review of the record persuades us that the district court adequately considered the factors enumerated in § 3553(a). It follows that the court did not abuse its discretion under § 3584, and that the consecutive sentence imposed upon Simmons is reasonable. <u>Becker</u>, 636 F.3d at 408.

---

[*] Of course, where, as here, the district court imposed a within-Guidelines sentence, the explanation of its sentence may be "less extensive, while still individualized." <u>United States v. Johnson</u>, 587 F.3d 625, 639 (4th Cir. 2009), <u>cert. denied</u>, 130 S. Ct. 2128 (2010).

Because nothing in the record defeats the presumption of reasonableness accorded to the within-Guidelines sentence imposed upon Simmons, the district court's judgment must be affirmed. Allen, 491 F.3d at 193. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED