PUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4901

TIMOTHY M. MOSLEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James M. Michael, Jr., Senior District Judge.
(CR-95-66)

Argued: October 26, 1999

Decided: December 30, 1999

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by published per curiam opinion.

_____

COUNSEL

**ARGUED:** Marshall Moore Slayton, Charlottesville, Virginia, for
Appellant. Ray B. Fitzgerald, Jr., Assistant United States Attorney,
Charlottesville, Virginia, for Appellee. **ON BRIEF:** Robert P.
Crouch, Jr., United States Attorney, Charlottesville, Virginia, for
Appellee.

_____

**OPINION**

PER CURIAM:

Timothy Mosley appeals his sentence imposed as a result of his conviction of one count of conspiring to distribute cocaine base in violation of 21 U.S.C.A. § 846 (West 1999). He claims that the district court erred when it decided to run forty-eight months of his seventy-two month sentence consecutively to, and the remaining twenty-four months concurrently with, an undischarged term of imprisonment he was serving as a result of a prior federal conviction. He argues that, under the current version of § 5G1.3(c) of the United States Sentencing Commission Guidelines Manual, [1] the district court was required to add together the drug weights from the instant offense and the drug weights from the offense for which he was serving an undischarged prison term in order to create a hypothetical combined guideline range that would have applied if he had been sentenced for both drug crimes simultaneously. Mosley further asserts that the district court was required to sentence him within that combined range. Because we find that this suggested method of applying U.S.S.G. § 5G1.3(c) ignores the changes wrought to that section by Amendment 535 to the Sentencing Guidelines, see U.S. Sentencing Guidelines Manual App. C (Nov. 1995), we hold that the district court was not required to use Mosley's suggested method in making its decision to impose a concurrent, partially concurrent, or consecutive sentence. We, therefore, affirm Mosley's sentence.

I.

From January 1992 until November 30, 1995, Timothy Mosley was part of a conspiracy to distribute cocaine base in Culpeper County, Virginia. After being arrested and indicted for a violation of 21 U.S.C.A. § 846 (West 1999), Mosley pleaded guilty and was convicted in the United States District Court for the Western District of Virginia. At the time of his sentencing on October 16, 1997, Mosley was still serving a sentence of 121 months that the District Court for the Eastern District of North Carolina, on January 13, 1997, had

_____

[1] The current version of § 5G1.3(c) can be found in the 1995 edition of the guidelines manual and subsequent editions.

2

imposed for his participation in another conspiracy to distribute cocaine base in Raleigh, North Carolina.

At Mosley's sentencing hearing on October 16, 1997, the district court noted that, according to the presentence report's calculations under the Sentencing Guidelines,[2] Mosley's sentencing range was from seventy to eighty-seven months. The court then sentenced Mosley to a term of seventy-two months in prison followed by forty-eight months of supervised release. It directed that of the seventy-two months to be served in prison, forty-eight would run consecutively to the sentence for the prior undischarged term of imprisonment, and the remaining twenty-four would run concurrently with that sentence.

II.

On appeal, Mosley claims that the district court improperly applied U.S.S.G. § 5G1.3(c) (1995) in deciding to run forty-eight months of his sentence consecutively to, and twenty-four months concurrently with, his prior undischarged term of imprisonment. [3] He argues that,

_____

[2] The presentence report used the 1995 edition of the U.S. Sentencing Guidelines Manual, which incorporates guidelines amendments that, like Amendment 535, became effective on November 1, 1995. Section 5G1.3 has not subsequently been amended.

[3] Mosley raises additional claims that contain no factual basis in the record. Specifically, he argues that in deciding whether to run his sentence concurrently with, partially concurrently with, or consecutively to his prior undischarged term of imprisonment, the district court erroneously heeded a recommendation by Mosley's probation officer to take into consideration the fact that Mosley had been carrying a firearm in violation of 18 U.S.C.A. § 924(c)(1)(A) (West Supp. 1999) during the conduct that had resulted in his conviction in federal court in North Carolina. Because he had not been charged with a violation of § 924(c)(1)(A), Mosley argues that consideration of this uncharged offense in formulating the present sentence violates the Fifth Amendment's guarantee of due process and its protection against double jeopardy. He also argues that the uncharged conduct from the previous offense constitutes an irrelevant factor that the district court should not have considered under § 5G1.3(c) and 18 U.S.C.A. § 3584 (West 1985).

It is true that, during Mosley's sentencing hearing, his counsel made a proffer, accepted as evidence by the district court, that Mosley's proba-

3

in order to create a reasonable punishment under§ 5G1.3(c), the district court was required to add the drug weights from the instant offense to the drug weights from the North Carolina offense in order to create a hypothetical combined guideline range that would have applied if he had been sentenced for both drug crimes simultaneously. Mosley further asserts that the district court was required to sentence him within that combined range. By choosing to run forty-eight months of Mosley's sentence consecutively to his prior undischarged term of imprisonment, the district court ensured that Mosley would spend a total of 169 months in jail for the two offenses. Had the district court created a hypothetical combined guideline range for both crimes and sentenced him within that range, Mosley argues that the hypothetical range would ensure that his total time in jail for the two offenses would be 108-135 months -- at least thirty-four months less than 169 months.**4**

_____

tion officer had recommended to the court that it consider the uncharged violation of § 924(c)(1) while determining whether Mosley should be sentenced to a term that was concurrent, partially concurrent, or consecutive to his prior undischarged sentence. However, the district court made no indication that it actually considered the uncharged violation of § 924(c)(1) during its decision-making process. In fact, the district court explicitly stated that it looked at Mosley's illegal conduct in Virginia as an "independent separate offense." (J.A. at 52.) Furthermore, our own thorough review of the record reveals no instance in which the district court appeared to take into consideration the uncharged firearm offense in its determination that Mosley's sentence should run partially concurrently with his prior undischarged term of imprisonment. Because Mosley's additional claims are built on a factual assumption that finds no support in the record, we necessarily decline his invitation to consider his legal arguments that flow from that faulty assumption.

**4** In his brief, Mosley arrives at a hypothetical guideline range of 108-135 months by adding the drug weights from both crimes and then adjusting his base offense level with factors such as his acceptance of responsibility and his juvenile status during the North Carolina drug offense. At Mosley's sentencing hearing, his defense counsel suggested that the sentence for the instant offense run fully concurrently with the sentence for the North Carolina offense, apparently on the ground that his calculations produced a combined sentence of less than 121 months. No matter what hypothetical guideline range Mosley's calculations may produce, those calculations are irrelevant because our holding today makes it clear that a district court need not undertake the mechanical process of creating a combined hypothetical guideline range for a defendant to whom § 5G1.3(c) applies.

4

The Government argues that the plain language of § 5G1.3(c) and its commentary does not require the district court to undertake the mechanical process of creating a hypothetical combined guideline range and then sentencing a defendant within that range; instead, the district court need only engage in a factor analysis before deciding whether to impose a sentence that is concurrent with, partially concurrent with, or consecutive to a prior undischarged term of imprisonment. It notes that the version of § 5G1.3(c) preceding Amendment 535 to the Sentencing Guidelines required district courts to create a hypothetical combined guideline range and to ensure that a defendant's combined term for both offenses did not exceed that range. See U.S.S.G. § 5G1.3(c) (1994). However, it asserts that the current version, which embodies the changes wrought by Amendment 535, only requires courts to engage in a factor analysis before deciding whether to impose a sentence that is concurrent with, partially concurrent with, or consecutive to a prior undischarged term of imprisonment. For the reasons set forth below, we agree with the Government's interpretation of § 5G1.3(c).

We review de novo the legal questions involving the application of a guideline. See United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996). Whether a court erred in applying a guideline is a legal question subject to de novo review. See United States v. Pillow, 191 F.3d 403, 407 (4th Cir. 1999); United States v. Hill , 59 F.3d 500, 502 (4th Cir. 1995). In this case, we review whether the district court incorrectly applied § 5G1.3(c) by failing to create a combined hypothetical sentencing range and then sentencing Mosley within that range.

Section 5G1.3 of the Sentencing Guidelines deals with the imposition of a sentence on a defendant who is subject to an undischarged term of imprisonment. See U.S.S.G. § 5G1.3 (1995). Subsection (a) of that guideline mandates a consecutive sentence for defendants who commit an offense during a term of imprisonment or the period of time between the sentencing of a prior offense and the beginning of the imprisonment term for that offense. See U.S.S.G. § 5G1.3(a) (1995). Subsection (b), which mandates a concurrent sentence, applies in instances when subsection (a) does not and "the undischarged term of imprisonment resulted from offense levels that have been fully taken into account in the determination of the offense level of the instant offense." U.S.S.G. § 5G1.3(b) (1995). Subsection (c)

5

covers all other instances and, as the parties agree, is the relevant subsection for this case because neither (a) nor (b) applies to Mosley. Subsection (c) reads as follows: "(Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."[5] U.S.S.G. § 5G1.3(c) (1995).

Application Note 3 of § 5G1.3, which addresses the application of subsection (c), states that "[u]nder [subsection (c)], the court may impose a sentence concurrently, partially concurrently, or consecutively." U.S.S.G. § 5G1.3, comment. (n.3) (1995). It then instructs the district court to consider two sets of factors. First, the district court should consider the sentencing factors referred to by 18 U.S.C.A. § 3584 (West 1985) (referencing 18 U.S.C.A.§ 3553(a) (West 1985 & Supp. 1999)).[6] See U.S.S.G. § 5G1.3(c), comment. (n.3) (1995). Second, it should "be cognizant of" the following four factors:

_____

[5] Although § 5G1.3(c) is a policy statement, this Court enforces it like a guideline. See United States v. Wiley-Dunaway, 40 F.3d 67, 70-71 (4th Cir. 1994) ("[W]e . . . think it appropriate to enforce subsection (c) as if it were a guideline, but in a manner that affords the degree of discretion spelled out by the commentary and illustrations.").

[6] 18 U.S.C.A. § 3584 directs that a district court consider the factors set forth in § 3553(a) when deciding whether terms imposed for sentences should be run consecutively or concurrently. The factors listed by § 3553(a) are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>  (B) to afford adequate deterrence to criminal conduct;
>
>  (C) to protect the public from further crimes of the defendant; and
>
>  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(a) the type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;

(b) the time served on the undischarged sentence and the time likely to be served before release;

(c) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and

(d) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

Id.

_____

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

 (A) the applicable category of offense committed by the applicable category of defendant as set forth in guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or

 (B) in the case of a violation of probation or supervised release, the applicable guidelines issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2) that is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C.A. § 3553(a).

Nowhere in § 5G1.3(c) do we find a requirement that a district court must fashion a hypothetical combined guideline range for a defendant with a prior undischarged term of imprisonment and sentence him within that range. A district court's decision to impose a sentence that runs concurrently with, partially concurrently with, or consecutively to a prior undischarged term of imprisonment is constrained only by its consideration of the factors mentioned in the commentary to § 5G1.3(c).

Before the effective date of Amendment 535, § 5G1.3(c) read as follows: "(Policy Statement) In any other case, the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense." U.S.S.G. § 5G1.3(c) (1994). The former Application Note 3, which addressed the application of the old § 5G1.3(c), offered district courts the following instruction:

> To the extent practicable, the court should consider a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all of the offenses been federal offenses for which sentences were being imposed at the same time.

U.S.S.G. § 5G1.3(c), comment. (n.3) (1994). The former version of § 5G1.3(c) also included illustrations that showed how to use hypothetical combined sentencing ranges to sentence defendants with prior undischarged terms of imprisonment. See id.

In cases involving the version of § 5G1.3(c) that preceded Amendment 535's effective date of November 1, 1995, we have required that a district court create a hypothetical combined guideline range for a defendant and sentence the defendant within that range. See, e.g., United States v. Myers, 66 F.3d 1364, 1376-78 (4th Cir. 1995) (overturning a defendant's sentence because the district court "did not even attempt to come within [the defendant's] combined guideline range as prescribed in [former] U.S.S.G. § 5G1.3, but rather exceeded it by 453 months"); United States v. Hill, 59 F.3d at 502-03 (holding that

8

former § 5G1.3(c) and its commentary require a district court to determine the sentencing range that would exist if the defendant were being sentenced simultaneously for the instant offense and the offense for which the defendant is serving an undischarged prison term; "[t]hen, considering the time served and the time remaining on the undischarged sentence, the court should impose a term of imprisonment within the instant offense guideline range that results in a total punishment that is within the combined guideline range."); United States v. Wiley-Dunaway, 40 F.3d 67, 71 (4th Cir. 1994) (illustrating the manner in which a district court should use the version of § 5G1.3(c) preceding Amendment 535 to create a hypothetical combined guideline range for a defendant serving a prior undischarged term of imprisonment and attempt to sentence the defendant within that range). These rulings, however, were based on a reading of the language of § 5G1.3(c) and its commentary before that language was changed by Amendment 535.[7] These cases did not address the means by which district courts are to apply the current version of § 5G1.3(c).

The language of § 5G1.3(c) was significantly altered by Amendment 535, and its commentary and illustrations were specifically deleted and replaced with current Application Note 3, which describes the factor analysis district courts are to undertake when deciding to run a sentence concurrently, partially concurrently, or consecutively. It is clear that, by no longer requiring district courts to engage in the mechanical process of creating a hypothetical combined guideline range for a defendant with a prior undischarged term of imprisonment and then sentencing the defendant within that combined range, the current version of § 5G1.3(c) affords district courts more discretion than the version that existed before the effective date of Amendment 535.[8] After all, the wording of the current version ("the sentence . . .

_____

[7] Even under the version of § 5G1.3(c) that did not include the changes made by Amendment 535, see U.S.S.G. § 5G1.3(c) (1994), district courts were certainly not stripped of all their discretion in determining whether to run a sentence concurrently with, partially concurrently with, or consecutively to the prior undischarged term of imprisonment. A sentencing court could deviate from the procedures of the prior version of § 5G1.3(c) if it sufficiently articulated a reason on the record for doing so. See United States v. Stewart, 59 F.3d 496, 498 (4th Cir. 1995).

[8] We note that, in United States v. Goudy, 78 F.3d 309 (7th Cir. 1996), a case involving the former version of § 5G1.3(c), the Seventh Circuit

9

may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense") certainly provides district courts more discretion than the wording of the former version ("the sentence . . . shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense"). Moreover, Amendment 535 specifically states that its purpose in regard to § 5G1.3(c) is to "afford[ ] the sentencing court additional flexibility to impose, as appropriate, a consecutive, concurrent, or partially concurrent sentence in order to achieve a reasonable punishment for the instant offense." U.S.S.G. App. C, Amend. 535 (1995); see also United States v. Velasquez, 136 F.3d 921, 924 (2d Cir. 1998) (noting that Amendment 535 gives sentencing courts even more discretion than before in deciding whether to impose a consecutive, concurrent, or partially concurrent sentence under § 5G1.3(c)); United States v. Luna-Madellaga, 133 F.3d 1293, 1294-96 (9th Cir.) (rejecting defendant's argument that the district court was required to calculate a hypothetical combined guideline range under § 5G1.3(c) in the aftermath of Amendment 535 and holding that the district court should instead refer to the factors mentioned by the guideline in determining whether to impose a concurrent, partially concurrent, or consecutive sentence), cert. denied, 118 S. Ct. 2073 (1998).

_____

stated, in dicta, that Amendment 535 clarified, rather than expanded, a district court's already existing discretion under the former version of § 5G1.3(c) to fashion a partially concurrent sentence for a defendant by "delay[ing] [the] commencement of the concurrent sentence in order to arrive at the appropriate sentence." Id. at 314. However, Goudy made no intimation that the language of the former version of § 5G1.3(c) gave a district court the discretion to disregard completely the methodology of creating a combined hypothetical sentencing range in order to create an appropriate sentence for a defendant serving an undischarged term of imprisonment. Indeed, in upholding the district court's decision to delay the start of a defendant's partially concurrent sentence under the former § 5G1.3(c), the Goudy court made it clear that the "appropriate sentence" at which the district court was trying to arrive was one that it had created by formulating a hypothetical combined sentencing range. See id. at 313-14.

10

We now hold what the language of the current version of § 5G1.3(c) makes abundantly clear: When using the 1995 or later editions of the U.S. Sentencing Guidelines Manual, a district court is not required to calculate a hypothetical combined guideline range under § 5G1.3(c) for a defendant who is serving an undischarged term of imprisonment and then sentence the defendant within that range. Instead, a district court need only consider the relevant factors that § 5G1.3(c) directs it to consider. Therefore, Mosley's suggested means of applying § 5G1.3(c) is incorrect, and the district court was correct not to apply § 5G1.3(c) in the manner suggested by Mosley.[9]

III.

For the foregoing reasons, we affirm Mosley's sentence.

AFFIRMED

_____

[9] On this appeal, Mosley does not argue that the district court failed to consider the relevant factors. Indeed, he would have been hard-pressed to do so. For example, the record shows that the court mentioned the type and length of Mosley's prior sentence, that the prior sentence was imposed in federal court, Mosley's criminal history, and the sentencing range for the instant offense. The court also mentioned that it knew Mosley from prior court proceedings.

Additionally, we note that the Government stressed at the sentencing hearing that, if the court accepted defense counsel's proposal to make Mosley's 72-month sentence fully concurrent with his prior undischarged term of imprisonment, that sentence would be submerged within the 121-month sentence imposed earlier that year for the North Carolina drug offense. Therefore, the district court was on notice that, with a fully concurrent sentence, Mosley would effectively serve no prison time for his participation in the drug conspiracy in Culpeper County.

11