**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 97-4840

ALVIN LOMAX BURRIS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-96-427-MJG)

Submitted: June 6, 2000

Decided: June 22, 2000

Before TRAXLER and KING, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Fred Warren Bennett, BENNETT & NATHANS, L.L.P., Greenbelt,
Maryland, for Appellant. Lynn A. Battaglia, United States Attorney,
Martin J. Clarke, Assistant United States Attorney, Baltimore, Mary-
land, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alvin Lomax Burris appeals his sentence for one count of being a felon in possession of a firearm in violation of 18 U.S.C.A. § 922(g) (West 1976 & Supp. 2000). Burris claims that the district court erred by not back-dating the starting date of the sentence so that it would run concurrently with a previously-discharged state sentence. Finding no reversible error, we affirm.

Legal questions involving the application of the sentencing guidelines are reviewed de novo. See United States v. Mosley, 200 F.3d 218, 221 (4th Cir. 1999). "Section 5G1.3 of the Sentencing Guidelines deals with the imposition of a sentence on a defendant who is subject to an undischarged term of imprisonment ." Id. at 222 (emphasis added). Section 5G1.3 is only concerned with undischarged sentences. See United States v. McHan, 101 F.3d 1027, 1040 (4th Cir. 1996). This proposition holds even if there is a delay in sentencing that results in the prior sentence becoming completely discharged. See id. Thus, the district court properly denied Burris' request to back-date the starting date of his federal sentence so that it could run concurrently to his then discharged state sentence.

We affirm the conviction and sentence.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

_____
*We decline to dismiss the appeal as moot because there is not conclusive evidence in the materials before the court to establish that the appeal is in fact moot.

2