**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

CARLOS ANTONIO WILLIAMS,

*Defendant-Appellant.*

No. 03-4480

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., District Judge.
(CR-02-155)

Submitted: November 26, 2003

Decided: December 23, 2003

Before WILLIAMS and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Jeffrey B. Welty, Durham, North Carolina, for Appellant. Anna Mills
Wagoner, United States Attorney, Paul A. Weinman, Assistant United
States Attorney, Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Carlos Antonio Williams pled guilty to using and carrying a firearm in a crime of violence, 18 U.S.C. §§ 924(c), 2 (2000) (Count Three), and armed bank robbery, 18 U.S.C. § 2113(d), 2 (2000) (Count Five). He was sentenced to a term of 144 months imprisonment for the bank robbery and a consecutive seven-year sentence for the § 924(c) offense. The whole sentence was made consecutive to the state sentence for second degree murder that Williams was serving. Williams appeals his sentence, arguing that the district court erroneously relied on its having resolved a sentencing issue in Williams' favor when it decided to impose a sentence at the high end of the guideline range, and erred in making Williams' sentence consecutive to the state sentence he was serving. We affirm.

During the sentencing hearing, the district court granted Williams' objection to the presentence report concerning the correct enhancement for his use of a firearm during the robbery. The court determined that Williams had brandished the firearm but had not "otherwise used" it; the court thus reduced the recommended six-level enhancement to a five-level enhancement. *See U.S. Sentencing Guidelines Manual* § 2B3.1(b)(2). The court imposed a sentence of 144 months for the bank robbery; the guideline range was 120-150 months. The court explained:

> I have given you a sentence toward the high end of the guideline range for the reasons that I have indicated: the violent nature of the offense, other facts set out in the presentence report, the fact that the Court could arguably have applied an even higher offense level to your conduct.

Because Williams was already serving a state sentence of at least 114 months imprisonment for a second degree murder that he committed after the bank robbery, the district court had the option of making the federal sentence concurrent, partially concurrent, or consecutive to the undischarged state sentence. The court decided that a consecutive sentence was a "reasonable punishment" under the facts and circumstances of the case.

On appeal, Williams first contends that his sentence for the bank robbery is illegal because the district court relied on the fact that it resolved the firearm enhancement issue in Williams' favor in deciding to impose a sentence at the high end of the guideline range. Williams made no objection to the district court's reasons for imposing sentence at the high end of the guideline range at the time sentence was imposed. Therefore, his claim of error is reviewed under the plain error standard. *United States v. Olano*, 507 U.S. 725, 732-37 (1993) (unpreserved error may be corrected only if error occurred, that was plain and affects substantial rights, and if failure to correct error would seriously affect the fairness, integrity, or public reputation of judicial proceedings).*

This court has held that the district court has "almost limitless discretion" to decide where to impose sentence within a correctly calculated guideline range. *United States v. Holmes*, 60 F.3d 1134, 1137 (4th Cir. 1995). The court's discretion is limited only by the requirement that it not impose a sentence in violation of law, *see* 18 U.S.C.A. § 3742(e)(1) (West Supp. 2003), such as a sentence based on race or another "unconstitutional classification." *Holmes*, 60 F.3d at 1137. Williams asserts that the fact that the district court ruled in his favor on the brandishing issue was an improper factor for the court to consider in determining where to impose sentence within the guideline range because it does not fall within any of the categories of factors set out in 18 U.S.C.A. § 3553(a).

We disagree. The district court's consideration of the fact that it had ruled in Williams' favor on the firearm enhancement, which it considered a close issue, was well within its obligation to bear in mind the facts and circumstances of the offense when determining the sentence and to impose a sentence that reflected the seriousness of the offense. *See* 18 U.S.C.A. § 3553(a). Williams has not shown that the court exceeded the bounds of its discretion in doing so. Therefore, we are satisfied that the sentence was not imposed in violation of law.

---

*Williams contends that the issue was preserved for review under Fed. R. Crim. P. 51 when his attorney asked for a sentence at the low end of the guideline range. However, his attorney did not suggest below that the sentence imposed was illegal or that the district court relied on an improper factor, as he now contends.

Williams next argues that the court erred in making the sentence consecutive to his state sentence. Under USSG § 5G1.3(c), when a defendant is serving an undischarged sentence but (1) the instant offense was not committed while the defendant was serving the undischarged sentence, and (2) the conduct resulting in the undischarged sentence has not been taken into account in determining the offense level for the instant offense, the sentencing court may impose a sentence that is concurrent, partially concurrent, or consecutive to the undischarged sentence. The court is directed to consider the factors set out in 18 U.S.C.A. § 3584 (referencing § 3553(a)), as well as the type of sentence being served and circumstances related to it.

Williams contends that the district court erred in its application of § 5G1.3(c) when it imposed a sentence consecutive to the state sentence he was serving for second degree murder. A claim that the district court erred in applying a guideline is a legal issue and is reviewed de novo. *United States v. Mosley*, 200 F.3d 218, 221 (4th Cir. 1999).

The court explained its decision to impose a consecutive sentence by noting the seriousness of Williams' conduct during the bank robbery and stating:

> [T]he Court has already given the defendant a year and a half . . . more or less than arguably could have been given had the Court adopted the presentence report calculations of the guidelines for count five. And to determine what is a reasonable punishment in this case, Mr. Williams, I have determined that [it] is a reasonable punishment in this case to run your 228-month sentence consecutively to the sentence that you are now serving in the state court. I think that is an appropriate sentence under the facts and circumstances of this case.

Williams argues that the district court erred by considering the same improper factor as before and that his 228-month sentence, made consecutive to his state sentence, is "manifestly unjust and an abuse of discretion," in light of his co-defendants' lighter sentences for the bank robbery.

As previously discussed, § 3553(a) does not forbid the district court to consider its own sentencing determinations when deciding what sentence to impose. With the enactment of Guideline Amendment 535, effective November 1, 1995, the district court was given "additional flexibility" to decide whether the sentence for the instant offense should be concurrent, partially concurrent, or consecutive to an undischarged sentence so that "the instruction to the [Sentencing] Commission in 28 U.S.C. § 994(l)(1) to provide a reasonable incremental penalty for additional offenses" could be implemented in all situations. USSG App. C at 535. Williams has not demonstrated any error on the part of the district court in the exercise of the considerable discretion afforded it under the guidelines to decide what the "reasonable incremental penalty" may be in a given case. Therefore, we conclude that district court did not err in deciding to make the sentence consecutive.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*