**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 05-4968

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MYRON TERESHCHUK,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (CR-04-451-RWT)

---

Submitted: February 28, 2006          Decided: August 1, 2006

---

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

James Wyda, Federal Public Defender, Paula Xinis, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, James M. Trusty, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Myron Tereshchuk pled guilty to one count of possession of a biological agent or toxin without registration and one count of possession of an unregistered destructive device, in violation of 18 U.S.C. § 175b(c)(1); 26 U.S.C. § 5861(d) (2000). Tereshchuk was sentenced to a forty-one month term of imprisonment, to be served consecutively to an undischarged term. We find no error and affirm Tereshchuk's sentence.

Tereshchuk contends that the district court erred in its application of U.S. Sentencing Guidelines Manual § 5G1.3 (2004) because the court failed to discuss its reasons for imposing a consecutive sentence. Though § 5G1.3(c) is termed a "policy statement," we enforce it as if it were a guideline. United States v. Mosley, 200 F.3d 218, 222 n.5 (4th Cir. 1999). We review legal questions involving the application of a guideline de novo. United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996).

Section 5G1.3 provides that in "case[s] involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." USSG § 5G1.3(c). In determining the manner in which the sentence should be imposed, a district court is "constrained only by its consideration of the factors mentioned in the commentary to

§ 5G1.3(c)." <u>Mosley</u>, 200 F.3d at 223. The district court stated that it considered the conduct underlying the prior conviction as well as the length of the prior sentence, date of its imposition, and the court in which it was imposed. Furthermore, the court stated that it considered the relevant 18 U.S.C. § 3553(a) (2000) factors. Therefore, we conclude the district court properly applied § 5G1.3(c).

Accordingly, we affirm Tereshchuk's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>