**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4593**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES HENRY SMITH,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:06-cr-00133-JAB-1)

———————

Submitted:  February 4, 2008          Decided:  March 14, 2008

———————

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Seth R. Cohen, SMITH, JAMES, ROWLETT & COHEN, L.L.P., Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Henry Smith appeals his 168-month sentence for armed bank robbery, in violation of 18 U.S.C. § 2113(d) (2000), and carrying and using firearms during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2000). Smith contends that the district court erred, pursuant to 18 U.S.C. § 3553(a) (2000), by failing to discuss U.S. Sentencing Guidelines Manual ("USSG") § 5G1.3(c) (2006) when it imposed Smith's sentence to run consecutively to, rather than concurrently with, his undischarged state prison sentence for nearly contemporaneous conduct.

Ordinarily, we review legal questions involving the application of a sentencing guideline de novo. United States v. Mosley, 200 F.3d 218, 221 (4th Cir. 1999). Where a defendant argues on appeal that a district court erred in its consideration of § 5G1.3, but the defendant does not cite § 5G1.3 or argue that he was entitled to a concurrent sentence in the district court, we review only for plain error. United States v. Rouse, 362 F.3d 256, 260 (4th Cir. 2004). Smith argued before the district court that he should be given a concurrent sentence, but did not specifically cite § 5G1.3. Smith has not demonstrated error under either standard of review.

We "presume in non-departures, unless some contrary indication exists, that a district court properly considered the

pertinent statutory factors." <u>United States v. Johnson</u>, 138 F.3d 115, 119 (4th Cir. 1998). "A court need not engage in ritualistic incantation in order to establish its consideration of a legal issue," where "the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling." <u>United States v. Davis</u>, 53 F.3d 638, 642 (4th Cir. 1995). Smith argued in the district court that he should be given a sentence that would run concurrently with his state prison sentence, and the district court rejected this argument, stating that it had considered the relevant statutory factors. Although the district court did not specifically discuss § 5G1.3(c) at the sentencing hearing, this provision was cited in the presentence investigation report ("PSR"), and the court stated that it had considered the evidence in the PSR as well as the arguments presented at the hearing. Accordingly, we can fairly infer that the district court considered § 5G1.3(c), and Smith has not shown any error.

Smith also argues that his sentence is unreasonable under § 3553(a) because the district court did not discuss § 5G1.3(c) and because it imposed a sentence that runs consecutively to his state prison sentence. We review the sentence to determine whether it is reasonable, applying an abuse of discretion standard. <u>Gall v. United States</u>, 552 U.S. ___, 2007 WL 4292116, *7 (U.S. Dec. 10, 2007) (No. 06-7949). We presume that a sentence imposed within the

properly calculated guidelines range is reasonable. <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir. 2006); <u>See</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462-68 (2007). A district court must explain the sentence it imposes sufficiently for this court to effectively review its reasonableness, but need not mechanically discuss all the factors listed in § 3553(a). <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 380 (4th Cir. 2006). The court's explanation should indicate that it considered the § 3553(a) factors and the arguments raised by the parties. <u>Id</u>. We do not evaluate the adequacy of the district court's explanation "in a vacuum," but also consider "[t]he context surrounding a district court's explanation." <u>Id.</u> at 381.

We presume that Smith's sentence within the properly calculated guidelines range is reasonable, and Smith has not overcome that presumption. Although the district court did not discuss the § 3553(a) factors, it stated that it considered the statutory factors, the arguments raised by the parties, and the advisory guidelines range as calculated in the PSR, in determining Smith's sentence. The district court considered Smith's argument that he was serving a significant sentence in state court for conduct related to the present offenses and his contention that he should be given a sentence that would run concurrently with his state prison term. The court also considered the evidence in the PSR, which noted that Smith has many prior convictions, including

- 4 -

several for violent crimes in recent years.  Accordingly, the district court reasonably determined within its discretion that the nature of Smith's offenses justified imposing his federal sentence to run consecutively to the undischarged state prison term.

We affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED