**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4268**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

COREY JERMAINE HAIRSTON,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:11-cr-00071-CCE-1)

Submitted: October 24, 2012          Decided: November 8, 2012

Before KEENAN, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Jermaine Hairston pled guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006), and received a sentence at the bottom of the Guidelines range of ninety-two months' imprisonment. On appeal, Hairston argues the district court unreasonably ran the federal sentence consecutive to his undischarged state sentence rather than concurrent with it. We affirm.

At the time of his sentencing, Hairston was serving a thirty-five-year sentence on Virginia state convictions for second degree murder, felon in possession of a firearm, and use of a firearm in connection with a felony. Hairston does not argue these offenses were related to the instant federal offense.

We review a sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). A reasonableness review includes both procedural and substantive components. Id. A sentence is procedurally reasonable where the district court committed no significant procedural errors, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or insufficiently explaining the selected sentence. United States v. Boulware, 604 F.3d 832, 837–38 (4th Cir. 2010). The substantive reasonableness of a

2

sentence is assessed in light of the totality of the circumstances. Gall, 552 U.S. at 51. While a sentence may be substantively unreasonable if the § 3553(a) factors do not support the sentence, "[r]eviewing courts must be mindful that, regardless of 'the individual case,' the 'deferential abuse-of-discretion standard of review . . . applies to all sentencing decisions.'" United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir.), cert. denied, 131 S. Ct. 2946 (2011) (citing Gall, 552 U.S. at 52). Moreover, a sentence that falls within a properly calculated Guidelines range is presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Hairston asserts that U.S. Sentencing Guidelines Manual ("USSG") § 5G1.3(c) (2011) compels a sentencing court to construe the undischarged state offense as if it were a federal offense and to compute a hybrid Guidelines range that would be applicable to both offenses. Cf. United States v. Hill, 59 F.3d 500, 503 (4th Cir. 1995). However, the application notes to USSG § 5G1.3(c) no longer advise such a procedure. See USSG § 5G1.3(c), cmt. n.3(A). As this court has explained, a district court need not calculate a hypothetical combined Guidelines range to comport with the current version of § 5G1.3(c). United States v. Mosley, 200 F.3d 218, 224-25 (4th Cir. 1999). Instead, a district court's discretion in imposing

3

consecutive or concurrent sentences is bounded only by the relevant factors that the current version of § 5G1.3(c) directs the court to consider. Id. Those factors include the concerns enumerated in 18 U.S.C. § 3553(a); the type and length of the prior undischarged sentence; the time likely to be served before release on the undischarged sentence; and the fact that the prior undischarged sentence may have been imposed in state court rather than federal court. See USSG § 5G1.3(c), cmt. n.3(A).

Section 5G1.3(c) first directs courts to consider the factors set forth in 18 U.S.C. § 3553(a). See USSG § 5G1.3(c), cmt. n.3(A). Here, the district court explicitly referred to Hairston's long criminal record, noting the murder and gun convictions, and opined that the need to protect the public weighed in favor of a consecutive sentence. The district court further concluded that a sentence at the bottom of Hairston's Guidelines range adequately took into account the long sentence he is serving on the state offense and a "record otherwise primarily but not exclusively of misdemeanors." We conclude the district court properly considered the relevant factors under USSG § 5G1.3(c), and properly explained the sentence it imposed. United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006).

As this court has emphasized, "[a] district court's decision to impose a sentence that runs concurrently with,

4

partially concurrently with, or consecutively to a prior undischarged term of imprisonment is constrained only by its consideration of the factors mentioned in the commentary to § 5G1.3(c)." Mosley, 200 F.3d at 223. Because the district court considered the factors listed in the commentary to USSG § 5G1.3(c) — including the guideposts referenced in § 3553(a) — we conclude that the district court did not abuse its discretion in imposing a consecutive sentence in this case.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED