**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4265**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

VIC FRANCIS HENSON,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., District Judge.  (1:11-cr-00130-JAB-1)

Submitted:  November 30, 2012          Decided:  December 18, 2012

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Eric D. Placke, Mireille P. Clough, Assistant Federal Public Defenders, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Frank J. Chut, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vic Francis Henson pled guilty to embezzlement by a bank officer, 18 U.S.C. § 656 (2006), and aggravated identity theft, 18 U.S.C. § 1028A(a)(1) (2006). She received a 78-month sentence. On appeal, Henson argues that the sentencing court erred in imposing a two-level "vulnerable victim" enhancement and in running her sentence consecutively to another federal sentence on convictions for bank bribery and mortgage fraud. We affirm.

In reviewing whether a sentencing court properly applied the Guidelines, the district court's factual findings are reviewed for clear error and its legal conclusions are reviewed de novo. United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008). We will "find clear error only if, on the entire evidence, [the court is] left with the definite and firm conviction that a mistake has been committed." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted).

The Guidelines mandate that "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim, increase by 2 levels." United States Sentencing Guidelines Manual § 3A1.1(b)(1) (2011). The commentary to § 3A1.1 defines a "vulnerable victim" as "a person (A) who is a victim of the offense of conviction and any conduct

2

for which the defendant is accountable under § 1B1.3 (Relevant Conduct); and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." USSG § 3A1.1, cmt. n.2. If the court finds a victim was vulnerable, the court must then assess whether the defendant knew or should have known of such unusual vulnerability. United States v. Etoty, 679 F.3d 292, 294 (4th Cir.), cert. denied, 133 S. Ct. 327 (2012).

On appeal, Henson challenges the application of the vulnerable victim enhancement on the ground that the Government did not establish Donald Stegall was a victim of the offense of conviction, i.e., embezzlement.[1] We have previously held that "a sentencing court must identify the victims of the offense, based not only on the offense of conviction, but on all relevant conduct." United States v. Bolden, 325 F.3d 471, 500 (4th Cir. 2003) (case involving 1994 edition of Sentencing Guidelines); United States v. Blake, 81 F.3d 498, 503-04 (4th Cir. 1996) ("We therefore reject [the defendant's] argument that, for the purpose of § 3A1.1, 'a victim of the offense' is only an individual considered a victim of the specific offense of conviction."); see also United States v. McCall, 174 F.3d 47,

---

[1] Henson does not challenge the district court's finding that Stegall was "vulnerable" as a result of certain limitations and his dependence on Henson.

3

51-52 (2nd Cir. 1998) (holding that, although the bank rather than the account holder is liable for an embezzlement, account holders are nevertheless victims of such an embezzlement, and noting that such an account holder may be a particularly vulnerable victim where there is a substantial chance that he or she will never discover or realize that the account has been depleted).

Henson argues, however, that subsequent amendments to the "vulnerable victim" Guideline have altered the criteria for the enhancement's application. Under the current version of the Guidelines, a person must be a "victim of the offense of conviction and any conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)," USSG § 3A1.1, cmt. n.2, in order for the enhancement to apply.[2] Henson thus argues the "vulnerable victim" must be a victim of the offense of conviction *and* any relevant conduct. We find this argument without merit. See United States v. Salahmand, 651 F.3d 21, 27-29 (D.C. Cir. 2011) (holding two-level adjustment for vulnerable victims applies not only to victims of the offense of conviction, but also to victims of defendant's relevant conduct); United States v. Moon, 513 F.3d 527, 541 (6th Cir.

_____

[2] Prior to 1995, the vulnerable victim enhancement was used when a vulnerable victim "[was] made a target of criminal activity." See USSG § 3A1.1, cmt. n.1 (1994).

4

2008) (reaffirming that the vulnerable victim enhancement can be properly applied based on "relevant conduct," notwithstanding the fact that a societal interest or a governmental entity is the primary victim of the offense of conviction); United States v. Zats, 298 F.3d 182, 187 (3rd Cir. 2002) (holding vulnerable victim need not have been harmed by both offense of conviction and by relevant conduct because the Commission could not have intended to define "victim" more narrowly than for the offense of conviction itself).

In a related argument, Henson posits that Stegall cannot meet the definition of a "victim" under USSG § 2B1.1 (the Guideline for embezzlement), because Stegall did not suffer any pecuniary loss. Therefore, Henson argues, Stegall cannot be considered a "vulnerable victim" for purposes of USSG § 3A1.1(b)(1). In support, Henson points to the commentary to USSG § 2B1.1 which defines "victim" in relevant part as "any person who sustained any part of the actual loss determined under [USSG § 2B1.1] subsection (b)(1)." USSG § 2B1.1, cmt. n.1. This argument too is without merit. See Salahmand, 651 F.3d at 29 (holding that, although individuals qualified as victims under § 3A1.1, but not § 2B1.1, there is nothing illogical about the Sentencing Commission providing different definitions for different guidelines); United States v. Kennedy, 554 F.3d 415, 423-24 (3rd Cir. 2009) (holding that, although

elderly accountholders from whom defendant stole did not satisfy the definition of "victim" under USSG § 2B1.1(b)(2) because they were reimbursed, they were not precluded from being "vulnerable victims" under USSG § 3A1.1(b)(1) because "victims" under § 2B1.1 and § 3A1.1(b) are separate definitions). Accordingly, we affirm the district court's imposition of the two-level enhancement.

Henson next argues that the district court erred in running her sentence consecutively to her 27-month undischarged sentence imposed in the Western District of North Carolina. Her argument is two-fold. First, she argues her sentence is procedurally unreasonable in this regard because the district court did not refer to the USSG § 5G1.3 factors or offer any explanation for its rejection of her request that the sentence be imposed to run concurrently. Second, she argues the result is a sentence that is "greater than necessary" to achieve the sentencing objectives of § 3553(a).

Guideline § 5G1.3 controls the court's imposition of a sentence on a defendant who is subject to an undischarged term of imprisonment. Because Henson does not argue that her undischarged sentence pertain to offenses that are related to the instant federal offense, subsection (c) of § 5G1.3 applies to the calculation of her sentence. United States v. Becker, 636 F.3d 402, 407-08 (8th Cir. 2011); cf. United States v.

6

Rouse, 362 F.3d 256, 262 (4th Cir. 2004) ("Generally speaking, § 5G1.3(b) addresses the situation in which a defendant is prosecuted in more than one jurisdiction for related conduct."). Subsection (c), which is designated as a policy statement, provides that "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." USSG § 5G1.3(c).

A district court's discretion in imposing consecutive or concurrent sentences is bounded only by the relevant factors that the current version of § 5G1.3(c) directs the court to consider. United States v. Mosley, 200 F.3d 218, 224-25 (4th Cir. 1999). Those factors include the concerns enumerated in 18 U.S.C. § 3553(a); the type and length of the prior undischarged sentence; the time likely to be served before release on the undischarged sentence; and the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court. See USSG § 5G1.3(c), cmt. n.3(A).

Here, Henson was previously sentenced to 27 months' imprisonment for mortgage fraud and bank bribery in the Western District of North Carolina. The sentence in that case was

7

imposed on August 11, 2011, and it remained undischarged at the time of Henson's sentencing on the subject offenses.

Henson claims that her sentence is unreasonable by virtue of the district court's failure to recite the applicable statutory and Guidelines factors. Section 5G1.3(c) first directs courts to consider the factors set forth in 18 U.S.C. § 3553(a). See USSG § 5G1.3(c), cmt. n.3(A). Here, the district court admittedly failed to explicitly cite USSG § 5G1.3(c); however, it explicitly referred to the 18 U.S.C. § 3553(a) factors in its explanation of Henson's sentence. Specifically, the court took into account Henson's history as a good student and her regular employment. The district court found, nevertheless, after considering deterrence, the seriousness of the offense, and the need to protect the public, a sentence within the middle of the advisory Guidelines range was appropriate. The court specifically noted Henson's conduct in taking advantage of a vulnerable victim.

With respect to the remaining factors required by § 5G1.3(c), the record reveals that the court reviewed the presentence report, which catalogued the type and length of the prior undischarged sentences, as well as the underlying offense conduct. See USSG § 5G1.3(c), cmt. n.3(A). Finally, Henson submitted written arguments in support of a concurrent, or partially concurrent, sentence under USSG § 5G1.3. Defense

8

counsel again posited those same arguments at sentencing. The Government, citing deterrence and noting these were two separate crimes against two separate banks, objected to running the sentences concurrently. The court actively questioned the parties at sentencing as to the time frame of the two offenses.

A review of the record demonstrates that the sentencing court factored Henson's undischarged sentences and several of the § 3553(a) considerations into its determination to impose a consecutive sentence. See United States v. Hall, 632 F.3d 331, 336 (6th Cir. 2011) ("Though the district court did not mention § 5G1.3 specifically, in light of its entire explanation, it is evident that the district court considered § 5G1.3(c) and adequately explained its reasons for applying it when sentencing Hall.").

We further conclude that the district court did not abuse its discretion in imposing a consecutive sentence in this case. To the extent Henson argues that the sentencing court should have concocted a hybrid Guidelines range that would be applicable to both offenses, the application notes to § 5G1.3(c) no longer advise such a procedure. See USSG § 5G1.3(c), cmt. n.3(A). As we have explained, a district court need not calculate a hypothetical combined Guidelines range to comport with the current version of § 5G1.3(c). Mosley, 200 F.3d at 224-25.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

10