**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4670**

UNITED STATES OF AMERICA,

       Plaintiff – Appellee,

   v.

MARCUS ALLEN BROADNAX,

       Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., District Judge. (1:12-cr-00019-JAB-1)

Submitted: February 15, 2013    Decided: February 28, 2013

Before AGEE and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Allen Broadnax pled guilty pursuant to a written plea agreement to one count of possession with intent to distribute 129.4 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006), and received a sentence of 110 months' imprisonment, at the bottom of the applicable Guidelines range. On appeal, Broadnax argues that the district court unreasonably ran the federal sentence consecutive to his undischarged state sentence[1] rather than concurrent with it. We affirm.

We review a sentence for reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). A reasonableness review includes both procedural and substantive components. Id. A sentence is procedurally reasonable where the district court committed no significant procedural errors, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or insufficiently explaining the selected sentence. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). The substantive reasonableness of a

_____

[1] At the time Broadnax was sentenced on this federal offense, he had served only sixteen months on an 88 to 115 month North Carolina state sentence on convictions for multiple felony offenses.

sentence is assessed in light of the totality of the circumstances. Gall, 552 U.S. at 51. A sentence that falls within a properly calculated Guidelines range is presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Section 5G1.3 of the United States Sentencing Guidelines guides the district court's imposition of a sentence on a defendant who is subject to an undischarged term of imprisonment. U.S. Sentencing Guidelines Manual, ("USSG") § 5G1.3 (2011). Because Broadnax's undischarged sentence pertains to offenses that are not related to the instant federal offense, subsection (c) of § 5G1.3 applies.[2] United States v. Becker, 636 F.3d 402, 407-08 (8th Cir. 2011). Under subsection (c), "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." USSG § 5G1.3(c), p.s.

Broadnax asserts that the district court abused its discretion in imposing a consecutive sentence because it did not

---

[2] Broadnax asserts that because the federal crime "occurred during the time he was committing the state offenses" the crimes constitute a "continuing course of conduct." This argument is unavailing. As the Government correctly notes, these crimes were not used as relevant conduct for the instant offense, they occurred over a one year period, and had "no common victims, no common controlled substances, and no geographic similarity."

properly consider the § 5G1.3(c) factors—the concerns enumerated in 18 U.S.C. § 3553(a); the type and length of the prior undischarged sentence; the time served and likely to be served on the undischarged sentence; and the fact that the undischarged sentence may have been imposed in state court rather than federal court. See USSG § 5G1.3 cmt. n.3(A). We disagree.

Section 5G1.3(c) first directs courts to consider the § 3553(a) sentencing factors. See USSG § 5G1.3 cmt. n.3(A). Here, the district court explicitly noted that the sentence served the objectives of promoting respect for the law, punishment, and deterrence. The court also stated that it had taken into account the specific circumstances of the offense and the fact that the conduct in the instant case took place within one year of a state conviction. The court further concluded that a sentence at the bottom of the Guidelines adequately served the "objectives of punishment and deterrence in this case."

With respect to the remaining § 5G1.3(c) factors, the record reveals that the court reviewed the presentence report ("PSR"), which catalogued the type and length of the prior sentences as well as the underlying offense conduct. See USSG § 5G1.3 cmt. n.3(A). Furthermore, the district court considered the arguments of counsel before determining that a consecutive sentence was appropriate.

4

Thus, in the "context surrounding [the] district court's explanation" of the sentence it imposed on Broadnax, the court properly assessed the relevant factors under § 5G1.3(c) and sufficiently explained the sentence it imposed. United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006). Accord United States v. Hall, 632 F.3d 331, 336 (6th Cir. 2011) ("Though the district court did not mention § 5G1.3 specifically, in light of its entire explanation, it is evident that the district court considered § 5G1.3(c) and adequately explained its reasons for applying it when sentencing Hall.").

As this court has emphasized, "[a] district court's decision to impose a sentence that runs concurrently with, partially concurrently with, or consecutively to a prior undischarged term of imprisonment is constrained only by its consideration of the factors mentioned in the commentary to § 5G1.3(c)." United States v. Mosley, 200 F.3d 218, 223 (4th Cir. 1999). Because the district court considered those factors—including the guideposts referenced in § 3553(a)—we conclude that the district court did not abuse its discretion by imposing a consecutive sentence in this case.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

5

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED