**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4235**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH GILLIAM,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. M. Hannah Lauck, District Judge. (3:19-cr-00074-MHL-1)

Submitted: September 28, 2021                    Decided: January 20, 2022

Before GREGORY, Chief Judge, and DIAZ and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, Appellate Attorney, Nia Ayanna Vidal, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Daniel T. Young, Assistant United States Attorney, Alexandria, Virginia, Stephen W. Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Gilliam pleaded guilty, without a written plea agreement, to bank robbery, in violation of 18 U.S.C. § 2113(a). The district court imposed a sentence of 84 months to be served consecutively to Gilliam's undischarged state sentences. On appeal, Gilliam argues that the district court abused its discretion by running his sentence consecutively to the state sentences.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)), *cert. denied*, 141 S. Ct. 687 (2020). We first consider "whether the district court committed any procedural error, such as improperly calculating the [Sentencing] Guidelines range, failing to consider the [18 U.S.C.] § 3553(a) factors, or failing to adequately explain the chosen sentence."* *Id.* "If the [c]ourt find[s] no significant procedural error, [it] then consider[s] the substantive reasonableness of the sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir.) (internal quotation marks omitted).

"When considering the substantive reasonableness of a prison term, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in

---

* Although Gilliam does not challenge the procedural reasonableness of his sentence, we conclude that it is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 215 (4th Cir. 2019) (4th Cir. 2019) (requiring "review [of] sentence for procedural reasonableness *before* addressing whether it is substantively reasonable").

concluding that the sentence it chose satisfied the standards set forth in § 3553(a).'" *Arbaugh*, 951 F.3d at 176 (alteration and internal quotation marks omitted); *see also Gall*, 552 U.S. at 59-60 (stating that appellate court must give "due deference to the [d]istrict [c]ourt's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence"). We presume that a sentence within the Guidelines range is substantively reasonable. *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018). A defendant can only rebut the presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Gilliam argues that because his sentence was imposed consecutively, it is unreasonable. District courts "have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings." *Setser v. United States*, 566 U.S. 231, 236 (2012). Indeed, courts have statutory discretion to impose a consecutive or concurrent sentence. 18 U.S.C. § 3584(a). In exercising this discretion, a court is required to consider the 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3584(b). The Guidelines also offer direction to courts that must decide whether to run a sentence consecutively or concurrently. *See* U.S. Sentencing Guidelines Manual § 5G1.3(d), p.s., & cmt. n.4. (2018).

After reviewing the record, we conclude that the district court's imposition of a consecutive sentence is reasonable. Gilliam disagrees with the weight the district court gave each of the § 3553(a) factors. However, that alone does not make his sentence

3

unreasonable. Here, the district court thoroughly considered Gilliam's arguments and addressed the § 3553(a) factors. The court noted Gilliam's long criminal history and the seriousness of the offense conduct and rejected Gilliam's request for a concurrent sentence by emphasizing the importance of protecting the public and deterring further crimes. The court noted that Gilliam's parole had been revoked several times earlier in his life and that leniency did not seem to deter Gilliam from committing future crimes. Furthermore, Gilliam argues that the district court should have taken into account what a combined Guidelines range would have been if all offense conduct had been charged in federal court, but we have made clear that district courts do not need to calculate a hypothetical combined Guidelines range to comport with the current version of § 5G1.3. *United States v. Mosley*, 200 F.3d 218, 224-25 (4th Cir. 1999).

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4